SMITH et al. v. CITY NAT. BANK OF WICHITA FALLS.

(Court of Civil Appeals of Texas. Nov. 3, 1910.)

1. APPEAL AND ERROR (§ 11*)—NATURE AND FORM OF REMEDY—PROPER MODES OF REVIEW—NOT CONCURRENT.

There are three methods provided by statute by which parties to litigation, in which the right of appeal has been perfected by giving the notice and filing the bond required, may bring the judgment before the Court of Civil Appeals; one by the ordinary form of appeal, another by writ of error, and the third by motion to affirm on certificate, which is available only to the party in whose favor judgment has been rendered. But these methods are not concurrent, and not more than one of them is available for the purpose of an adjudication.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 39–46; Dec. Dig. § 11.*]

2. COURTS (§ 488*)—TRANSFER OF CASES—APPELLATE COURTS—NATURE OF JURISDICTION—JURISDICTION AFTER DISMISSAL.

Where the Supreme Court transfers a case from one Court of Civil Appeals to another under Rev. St. 1895, art. 994a, which provides that the business of the several districts shall be equalized as nearly as possible, the court to which the case has been transferred has only jurisdiction of that appellate proceeding, and, when the case is finished, any further appellate proceeding must go to the district to which it belongs.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 488.*]

On motion by the City National Bank of Wichita Falls to affirm on certificate a judgment rendered in its favor against Charles Givens, and denying the City National Bank of Decatur and C. H. Smith any recovery in that case, which motion was opposed by C. H. Smith and the City National Bank of Decatur. Motion dismissed.

C. C. Huff, A. A. Hughes, and Spoonts, Thompson & Barwise, for the motion. R. E. Carswell and Chas. S. Todd, opposed.

HODGES, J. This motion to affirm on certificate was filed by the City National Bank of Wichita Falls on the 30th day of June of the present year, and just before the adjournment of this court for the last term. A brief history of the legal proceedings antedating the filing of the motion is thus given in the written argument by counsel for the bank: "On August 3, 1909, the district court of Wichita county, Tex., rendered judgment in favor of the appellee, the City National Bank of Wichita Falls, and against one Charles Givens in the sum of $1,476, and this judgment denied to the appellants the City National Bank of Decatur, Tex., and C. H. Smith any recovery in that case. On August 18, 1909, the City National Bank of Decatur, Tex., and Smith filed in said cause and with the district clerk of Wichita county, Tex., an appeal bond with supersedeas conditions in every respect regular and in terms provided by the statute.

At a later time, to wit, on or about the 14th day of November, 1909, the transcript of the record taken out in pursuance of that appeal was filed in the Court of Civil Appeals of the Second Supreme Judicial District; that still later, and on or about January 1, 1910, the Court of Civil Appeals of the Second District, acting under the direction of the Supreme Court, transferred that appeal from that court to this. At a later time the appellants sought in this court to file their briefs in that appeal, which effort in that behalf was opposed by the appellee, and the motion of the appellants to file their briefs was denied by this court. Thereupon, and on the 30th of June, 1910, the appellants in that case by proper motion made sought voluntarily to dismiss that appeal, which motion was granted by this court. The appeal was accordingly dismissed, and the transcript under order of the court withdrawn by the appellants. The next move in the matter, chronologically considered, was the filing by the said City National Bank of Wichita Falls, the appellee in the former case, of a motion to affirm the judgment below on certificate. The counsel for the appellee, being uncertain as to just which of the two Courts of Civil Appeals would have jurisdiction to affirm the judgment below on certificate, and to guard against the possibility of error in proceeding in the wrong court, filed a motion to affirm the judgment below both in the Court of Civil Appeals of the Sixth District and in the Court of Appeals of the Second District. About the same time, whether before or after the filing of the motion to affirm on certificate we are not advised, but at least on July 1, 1910, the City National Bank of Decatur and Smith filed in the district court of Wichita county their petition for writ of error for the review of the same judgment that they had formerly sought to review by the appeal. The City National Bank of Wichita Falls filed its motion to affirm the judgment below on certificate in the Court of Civil Appeals of the Second District and in this court, before the adjournment of the last terms of these courts, and at the terms thereof to which the case in question would have been returnable. At a later time, and on, to wit, September 20, 1910, the City National Bank of Decatur and Smith filed a transcript of the record taken out by them in prosecution of the writ of error in the Court of Civil Appeals of the Second District. Before the adjournment of the last term of the Court of Civil Appeals of the Second District, that court denied the motion to affirm on certificate there filed by the City National Bank of Wichita Falls, and that bank seasonably filed a motion for a rehearing in that matter which was carried over by the court and is now pending therein."

The first question we are called upon to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

consider is whether this court has jurisdiction to pass upon the merits of this motion. The motion comes from a judgment rendered in a case tried in the district court of Wichita county, which is situated within the territorial limits of the Second Supreme Judicial District of this state. The appeal reached this court by a transfer directed in obedience to an order from the Supreme Court made during the last term. The question is: Did the jurisdiction of this court over any of the adjudicable controversies growing out of the judgment rendered in the court below in that case terminate with the dismissal of the appeal? If so, then this motion should itself be dismissed. Whatever jurisdiction this court had at any time to make any order in this case was acquired by virtue of the transfer above referred to. We are thus led to the further inquiry: What was transferred? Article 994a of the Revised Civil Statutes of 1895 provides: "It shall be the duty of the Supreme Court to equalize as nearly as practicable the amount of business upon the dockets of the different Courts of Civil Appeals by directing the transfer of cases from such of said courts as may have the greater number of cases upon their dockets to those having a less amount of business upon their dockets; such transfers to be made as soon as practicable after the passage of this article, and thereafter at least once a year, in such manner and under such rules and regulations as the Supreme Court shall provide. And the said Courts of Civil Appeals to which such cases shall be transferred shall have jurisdiction of all such cases transferred without regard to the districts in which such cases were originally tried and returnable on appeal."

Keeping in view the purpose of the statute, to equalize the business on the dockets of the various Courts of Civil Appeals, the legal effect of the order making the transfer was to clothe this court with power to determine the case as made by the appeal then pending on the docket of the Court of Civil Appeals of the Second District. Our statute provides three methods by which the parties to litigation, in which the (right of) appeal has been perfected by the giving of the notice and filing of the bond required, may bring the judgment of the trial court before the Court of Civil Appeals. One is by the ordinary form of an appeal, another by writ of error, and a third by motion to affirm on certificate; the latter being available only to the party in whose favor the judgment has been rendered. Without a resort to some one of these forms of proceeding, the Courts of Civil Appeals acquire no active appellate jurisdiction over the case; that is, no power to affirm, modify, or reverse the judgment of the court below. By the filing of the transcript, in case of appeals and writs of error, and by filing the motion and certificate, in that particular proceeding, the active jurisdiction of the appellate court is invoked, the controversy is entered upon the docket and becomes a "case," as that term is usually understood. Not more than one of these methods of invoking the appellate jurisdiction of the Court of Civil Appeals is available at one time. While in a certain sense they may be regarded as cumulative, they are not concurrent. It is true that it is possible for there to be pending at the same time on the docket of the same appellate court, and from the same judgment, an appeal, a writ of error, and a motion to affirm on certificate; but that court will make an adjudication upon the merits in only one of these prosecutions, and will dispose of the others by an order of dismissal. Each one of these methods of invoking the active jurisdiction of the appellate court, when resorted to, becomes a "case" and is disposed of as such. We have concluded, therefore, that we are without jurisdiction to determine the merits of this motion, and that it should be dismissed. When this court dismissed the appeal, it finally disposed of all that was placed within its jurisdiction by the order of transfer.

The motion to affirm on certificate is dismissed for want of jurisdiction.