Edna Dell Morgan RALSTON, Appellant,

v.

Norman Clark RALSTON, Appellee.

No. 7324.

Court of Civil Appeals of Texas, Beaumont.

Jan. 27, 1972.

Robert K. Sutton, Charles Ben Howell, Dallas, for appellant.

Passman, Jones, Stewart, Andrews & Company, Dallas, for appellee.

KEITH, Justice.

This appeal was transferred to our court by an order of the Supreme Court equalizing the dockets of the several courts of civil appeal.

Understating the confused nature of the case, the appellant wife says in the opening paragraph of her original brief:

"This is an appeal from a temporary injunction awarded to a former husband against his ex-wife in a bill of review action where the former husband seeks to set aside a judgment in favor of the ex-wife granting to her both a divorce and a bill of review regarding a previous divorce. Needless to say, the circumstances are somewhat unusual."

These unusual circumstances require a somewhat lengthy statement of the chronological course of this litigation through the courts. The parties had been married for many years and had acquired considerable community property but their marital life had not been smooth. In February 1968, the husband filed suit for divorce against the wife—suit being filed in Domestic Relations Court No. 2. A judgment was entered in this suit on June 5, 1968, and the decree approved a property settlement agreement. Thereafter, on December 28, 1968, the parties remarried.

In September 1970, husband filed another divorce suit, this time in Domestic Relations Court No. 3, but no final judgment has yet been entered in this cause. While this suit was pending in Court No. 3, the wife, on March 26, 1971, filed suit in Court No. 2 in the nature of a bill of review to set aside the first divorce decree and property settlement entered in 1968. She also sought a divorce to void the remarriage. The husband did not file a formal written answer in Court No. 2 in response to the wife's bill of review petition and a default judgment was entered against the husband. This default judgment set aside the prior judgment entered in 1968, including the property settlement, decreed all of the property owned by the parties to be community property and awarded each an undivided interest therein. The default judgment also granted wife a divorce dissolving the December 1968 marriage, awarded her custody of the minor children and required husband to support the children.

After this judgment (assuming its validity) had become final by operation of law, and on August 6, 1971, husband filed a suit in Court No. 2 in the nature of a bill of review seeking to set aside the default judgment entered in favor of the wife. Husband procured the issuance of a tempo-

rary restraining order in his action which was extended from time to time until a temporary injunction order was entered on September 9, 1971. The wife has appealed from the order granting the temporary injunction.

While the appeal was pending upon the docket of this court, husband moved for summary judgment in his bill of review proceeding and the trial court granted a partial summary judgment by an order entered December 31, 1971. Without stating the details of this order, it is sufficient to say that the trial court set aside the default judgment theretofore entered in favor of the wife granting her bill of review which, in turn, had overturned the 1968 decree.

This order of December 31, 1971, also contained a provision setting aside and holding for naught the order granting the temporary injunction which is attacked upon this appeal.

The order of December 31, 1971, contained several other adjudications, including one reading as follows:

"IT IS YET FURTHER ORDERED that the Temporary Orders heretofore entered in Cause No. 70–9863–DR/3 be and they are hereby reaffirmed without the necessity of hearing . . ."

The reference was to orders theretofore entered in the husband's 1970 action pending in Court No. 2.

Immediately after the entry of the order of December 31, 1971, setting aside the prior order granting the temporary injunction (the precise order which we then had pending), husband filed a motion to dismiss the appeal on the ground that the same was moot.

At such time, the cause was set upon our docket for submission and oral argument in Dallas for January 11, 1972, and we carried the appellee's motion to dismiss along with the case without taking any action thereon. When the case was reached for submission on January 11, 1972, appellant tendered for filing a lengthy supplemental transcript showing the developments in the case since the entry of the order from which the appeal was taken, an answer to the motion to dismiss, a supplemental brief, and a lengthy affidavit of appellant's counsel. It was also shown that appellant had perfected an appeal to the Court of Civil Appeals in Dallas from the order appointing a receiver but had not taken any steps to appeal from the order which resurrected the prior injunctions entered in 1970.

By another order entered on December 31, 1971, the trial court appointed a receiver "to inventory, appraise, take charge of and administer, protect and preserve such properties [of the parties]." The appointment of the receiver was ordered "to remain in full force and effect until further Order of this Court."

Appellant promptly gave notice of appeal to the Court of Civil Appeals in and for the Fifth Supreme Judicial District, at Dallas, from the order appointing the receiver.

Appellant also made it known that she had requested the Dallas court to transfer the receivership appeal to this court and requested this court, "when the same is received" to consolidate the receivership appeal with the injunction appeal then pending.

We first dispose of the effort to thrust the receivership appeal upon this court. We know of no authority by which the Dallas court can order such case transferred to the docket of this court and appellant has cited none. The Supreme Court, acting under the provisions of Art. 1738, Vernon's Ann.Civ.St., transferred to this court the "case" then pending upon the docket of the Fifth District in Dallas. This "case" was simply an appeal from an order granting a temporary injunction and did not involve the subsequent receivership appeal.

We have full authority, equal to that of the Dallas court to which the temp-

orary injunction appeal was taken, to finally dispose of that litigation or "case." Witherspoon v. Daviss, 163 S.W. 700, 702 (Tex.Civ.App., Austin, 1914, no writ). Any further appellate proceedings in the underlying case, however must be taken to the Dallas Court of Civil Appeals. Smith v. City Nat. Bank, 132 S.W. 527 (Tex.Civ.App., Texarkana, 1910, no writ).

Having no jurisdiction to hear or determine any facet of the receivership appeal, we decline to comment further thereon and proceed to a disposition of the question of mootness of the injunction appeal, a matter within our jurisdiction.

■ It is clear from a long line of Supreme Court cases that when the appeal is from an order granting a temporary injunction, and that phase of the case becomes moot on appeal, the proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending. Texas Foundries v. International Moulders & Foundry Wkrs., 151 Tex. 239, 248 S.W.2d 460, 461 (1952); Cameron v. Saathoff, 162 Tex. 124, 345 S.W.2d 281, 282 (1961); Guajardo v. Alamo Lumber Company, 159 Tex. 225, 317 S.W.2d 725 (1958); Zuniga v. United States Investors, Inc., 453 S.W.2d 811, 812 (Tex.Sup.1970).

■ The temporary injunction from which the wife appealed in this cause was granted to preserve the status quo pending a final trial of the case on its merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 552 (1953). But, while the appeal from the order granting the temporary injunction was upon appeal, the case below was not in judicial limbo. The trial court was authorized to enter the partial summary judgment granting the bill of review sought by the husband and entered a non-appealable order upon that facet of the case, changing the entire posture of the case. Warren v. Walter, 414 S.W.2d 423 (Tex.Sup.1967). Cf. Sun Oil Company v. Whitaker, 424 S.W.2d 216, 219 (Tex.Sup. 1968), construing Rule 174(b) with reference to separate trials.

We have no jurisdiction to pass upon the validity of any prior orders entered in Cause No. 70–9863–DR/3 which were "reaffirmed without the necessity of hearing" in the order of December 31, 1971. Such original orders were not included in the "case" transferred to this court and such orders are not now before this court. Consequently, we express no opinion as to the validity or invalidity of any such orders included therein.

The cause being moot, it becomes our duty to follow the rule set out for our guidance. Texas Foundries Case, supra (248 S.W.2d at p. 461). The order of the trial court from which this appeal was perfected entered in Cause No. 71–8259–DR/2, dated September 9, 1971, recorded in Vol. 168 at p. 415, et seq., of the minutes of said court, be and the same is hereby set aside and held for naught, and the appeal is hereby dismissed.

This action is being taken without prejudice to the rights of the parties in the pending litigation and without passing upon the validity of any other orders heretofore entered in any of the cases mentioned in this opinion. Costs are adjudged against the appellant.

The appeal is dismissed.