James Ellis VARNER, Relator,

v.

The Honorable Don KOONS, Judge of
the 255th District Court of Dallas
County, Texas, Respondent.

No. 08–94–00198–CV.

Court of Appeals of Texas,
El Paso.

Oct. 20, 1994.

Paul Shunatona, Dallas, for relator.

James B. Martin, Dallas, for respondent.

Before BARAJAS, C.J., and KOEHLER
and LARSEN, JJ.

*OPINION*

KOEHLER, Justice.

In this mandamus proceeding, Relator
seeks a writ requiring the Respondent, a
district judge, to enter judgment in his favor
in a garnishment suit and ordering the judge
to hold a trial to determine attorney's fees
and costs in connection with the garnish-
ment, and further, staying all proceedings in
the underlying child support action until all
costs and attorney's fees incurred in this
Court in connection with a previous appeal
and in the court below have been paid. For
the reasons stated herein, we deny the writ.

Insofar as it is relevant to this proceeding,
the present case arose when Peggy Lee Var-
ner Howe (Howe) filed a motion to modify in
a suit affecting the parent-child relationship
(SAPCR) in the 255th District Court of Dal-
las County[1]. In that motion, she sought to
have the child support obligation of her for-
mer husband, James Ellis Varner (Varner),

---

1. Cause No. 77–9708–S.

Relator herein, extended beyond the eighteenth birthday of their child, Jason Wade Varner (Jason), on the grounds that because of a mental disability, he required substantial care and was not capable of supporting himself. Following an adverse jury award[2], Varner appealed, asserting among other things, that the trial court erred in permitting an expert witness to testify over his objection that the witness had not been properly identified in response to interrogatories or by supplementation. This Court agreed with this contention and subsequently reversed and remanded the cause for new trial[3], ordering in its mandate that Varner recover from Howe all costs of appeal "for which let execution issue."

Thereafter, a hearing was held in the trial court in response to Varner's motion to determine the costs of appeal, as a result of which that court rendered judgment that Varner recover from Howe $3,298.75 and that he be given an execution to assist in the recovery of such costs. Based on that judgment, Varner ran a writ of garnishment[4] on the First National Bank of Sachse, resulting in the impoundment of two accounts: no. 1020197 in the amount of $3,191.65 and no. 5026463 in the amount of $2,534.87. In its answer, the garnishee bank indicated that it was indebted to "Peggy Howe" in the amounts stated for both accounts. Howe filed a controverting affidavit admitting that the funds in account no. 1020197 were subject to Varner's garnishment and should be transferred to him but alleged that although she was the legal owner of account no. 5026463, the funds in that account were actually Jason's accumulated earnings, were beneficially owned by him and thus were not subject to Varner's garnishment. Varner, apparently unwilling to accept less than the total sum in both accounts impounded in the garnishment suit, moved the trial court in the SAPCR cause to stay the proceedings therein[5] until the judgment for costs had been paid or the court had ruled Howe to give security for such costs and the attorney's fees and costs incurred in his efforts to enforce the judgment.

On May 17, 1994, a hearing was held on all motions then pending before the Honorable Don Koons, presiding judge of the 255th District Court, in both causes, including Varner's motion for stay and deposit for costs in the SAPCR proceeding and his motion for judgment in the garnishment suit, as well as Howe's motion to dissolve in the latter action. On June 15, 1994, the trial court issued a pretrial order in the SAPCR proceeding in which after holding that Varner was "entitled to have execution issued concerning the costs of his successful appeal," denied Varner's requests for a stay and to rule Howe for costs. It is upon the latter rulings that Varner seeks relief by way of mandamus. Relying on *Witherspoon v. Daviss,* 163 S.W. 700 (Tex.Civ.App.—Austin 1914, no writ) and *City of Garland v. Long,* 722 S.W.2d 49 (Tex.App.—Dallas 1986, no writ), Varner argues that this Court has the jurisdiction and authority to issue a writ of mandamus commanding Judge Koons to render judgment in the garnishment suit against the bank and to stay all further action in the SAPCR proceeding until all costs and attorney's fees have been paid, or in the alternative, to stay the SAPCR proceedings until the judgment for costs on appeal is paid, or in another alternative, to rule Howe for such costs pursuant to Tex.R.Civ.P. 143 and 146.

### JURISDICTION

This Court acquired jurisdiction of the appeal from the 1991 child support judg-

---

2. The jury found that Jason required "substantial care and personal supervision because of a mental or physical disability and will not be able to support himself." The jury also found that Varner should pay child support of $375 per month and one-half of Howe's attorney's fee. *Varner v. Howe,* 860 S.W.2d 458, 460 (Tex.App.—El Paso 1993, no writ).

3. The appeal was transferred to this Court by order of the Supreme Court of Texas dated May 15, 1992.

4. The application for writ of garnishment was filed in the 255th District Court on December 30, 1993, as Cause No. 93–20536, styled James Ellis Varner v. First National Bank of Sachse.

5. The remanded SAPCR cause was set by the trial court for retrial on August 22, 1994.

ment in the SAPCR proceeding by virtue of a transfer order of the Supreme Court of Texas under the authority given to it by Tex.Gov't.Code Ann. §§ 73.001 and 73.002 (Vernon 1988). Once acquired, this Court has full jurisdiction, authority, and power to dispose finally of the case on appeal and to enforce its mandate. *Witherspoon*, 163 S.W. at 703. However, any further or future appeals from orders or judgments of the trial court in the SAPCR proceeding would necessarily be to the court of appeals for the district in which the trial court is located, i.e. the Dallas Court of Appeals. *Ralston v. Ralston*, 476 S.W.2d 775, 778 (Tex.Civ.App.— Beaumont 1972, no writ); *Smith v. City Nat. Bank of Wichita Falls*, 132 S.W. 527, 528 (Tex.Civ.App.—Texarkana 1910, no writ). A garnishment action, although ancillary to the underlying suit, is a separate proceeding. *Walton & Stockton v. Corpus Christi Nat. Bank*, 185 S.W. 369 (Tex.Civ.App.—San Antonio 1916, no writ); *Voelkel–McLain Co. v. First Nat. Bank of Roswell, NM*, 296 S.W. 970, 971 (Tex.Civ.App.—Dallas 1927, no writ). Because it is a separate proceeding, an appeal will lie from a final judgment in a garnishment suit independently of the underlying suit. *Roberts v. Stoneham*, 31 S.W.2d 856, 857 (Tex.Civ.App.—Austin 1930, no writ). It follows that such an appeal would be to the court of appeals in the trial court's district, not to some other court of appeals to which a previous appeal had been transferred. Thus, this Court has no present jurisdiction over the garnishment suit even if there was some final judgment from which to appeal.

This Court, having rendered a final judgment and mandate on the appeal transferred to it, has no further jurisdiction or authority in the SAPCR proceeding other than to require the trial court to carry out its judgment and mandate upon a showing by Varner that Judge Koons had failed or refused to obey that mandate in any respect. The first order set forth in the mandate reversed the judgment of the trial court and remanded the cause for new trial. The trial court has

obeyed this order by setting the cause for retrial.[6]

The second part of the mandate, and the one which has led to the current controversy, gave Varner judgment for "all costs incurred by reason of this appeal, *for which let execution issue, . . . .*" [Emphasis added.] Varner asserts that this judgment and the judgment subsequently rendered by the trial court for appellate costs gave him the right to recover all of such costs through the garnishment suit or by execution before the trial court can allow Howe over his objection to proceed with her SAPCR action. However, the order and mandate of this Court, the judgment of the trial court and the pretrial order merely gave him the right to require the clerk of the trial court to issue a writ of execution and to require the sheriff to levy on any of Howe's property subject to execution. Despite the clear language giving him the right to a writ of execution, Varner admits that he has never requested the clerk to issue execution let alone attempted to levy on Howe's property. He contends first, that garnishment is included within the meaning of "execution" and second, that under *City of Garland* he is entitled to recover fully his previous appellate costs before the SAPCR action is allowed to proceed and prior to its final disposition.

■ Because we conclude that the trial court has fully complied with our mandate, it is not for us to determine whether "execution" includes "garnishment" and whether garnishment is available at this stage of the SAPCR proceeding. Although Howe has agreed that the funds in the one bank account are subject to the garnishment action and may be taken by Varner, there are important differences between a writ of execution, to which Varner clearly has a right, and a writ of garnishment which involves the rights and obligations of a third party. Garnishment actions, long considered harsh remedies, are governed by statute, the provisions of which are to be strictly construed. *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 286 (Tex.App.—Houston [1st

---

6. The setting was vacated as a result of the present mandamus proceeding. Varner has asked as part of his mandamus relief that we stay any further proceeding until the judgment for appellate costs has been paid.

Dist.] 1991, writ denied); *Hobson & Associates, Inc. v. First Print, Inc.,* 798 S.W.2d 617, 619–20 (Tex.App.—Amarillo 1990, no writ). Because of the statutory requirements for garnishment availability, there may well be a question of whether the judgment for appellate costs in this case, which would support the issuance of an ordinary writ of execution, is a "valid, subsisting judgment" within the meaning of Section 63.001 of the Civil Practice and Remedies Code. TEX.CIV.PRAC. & REM.CODE ANN. § 63.001 (Vernon 1986). A valid, subsisting judgment in this context means a judgment in the main suit that is, among other things, final. *Glenn W. Casey Constr., Inc. v. Citizen's Nat'l Bank,* 611 S.W.2d 695, 700 (Tex.Civ.App.—Tyler 1980, no writ); *Krieger v. Sheffield, Garrett & Carter,* 341 S.W.2d 564, 566 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.). Questions concerning the finality of the judgment for appellate costs, the availability of garnishment and whether Varner is entitled to judgment against the garnishee for both accounts are not a proper subject for determination in this mandamus action but rather, in the normal course of events, by appeal to the Dallas Court of Appeals.

■ Turning now to Varner's reliance on *City of Garland* for the proposition that he is entitled to execution for his appellate costs before the trial court disposes of the SAPCR retrial. He interprets this to mean that he is entitled to have his judgment for such costs fully satisfied, whether by execution or by garnishment, prior to the commencement of the retrial. Varner reads too much into *City of Garland* and in that sense, his reliance is misplaced. Although *City of Garland* and the instant case both involve mandates awarding the successful appellants' their costs on appeal for which they are to have execution, in *City of Garland,* the district clerk refused to issue a writ of execution. 722 S.W.2d at 50. The Dallas Court of Appeals held that the relator was entitled to mandamus to require the clerk to issue the writ before the trial court disposed of the pending cause.[7] That Court also held that the relator must first apply to the trial court

for a writ of execution and that it would issue a writ of mandamus only when the trial court affirmatively disobeyed its mandate by refusing relator's request for a writ of execution. 722 S.W.2d at 50. In the instant case, the trial court has not only obeyed our mandate but has twice ordered that Varner is to have a writ of execution for his appellate costs. *City of Garland* did not hold, nor does Varner cite us to any other case so holding, that the successful appellant is entitled to *satisfaction* of his judgment for costs prior to the conclusion of the case on remand.

We hold that by his judgment for appellate costs and by his pretrial order, the trial court has fully complied with the order and mandate of this Court and is not subject to mandamus. Accordingly, we deny Varner's petition for writ of mandamus and assess all costs incurred in the mandamus proceeding against him.

---

7. "We hold that Garland is entitled to execution for its costs on appeal before the 192nd Court fully disposes of the remaining action before it." *City of Garland,* 722 S.W.2d at 50.