**In re Franklin CANTRELL.**

**No. 06–03–00001–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 8, 2003.

Decided Jan. 9, 2003.

George M. Secrest Jr., Bennett & Secrest, Llp, Ken J. McLean, Houston, for appellant.

Gail Kikawa McConnell, Assistant District Attorney—Appellate Section, Conroe, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

On January 6, 2003, Franklin Cantrell filed a notice of appeal with this Court simultaneously with a notice of appeal to the Ninth Court of Appeals in Beaumont, Texas, regarding the trial court's denial of his application for habeas corpus relief under Article 11.08 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 11.08 (Vernon 1977).

A Montgomery County, Texas, jury convicted Cantrell of criminal conspiracy to misapply fiduciary property. *See* TEX. PEN.CODE ANN. § 15.02 (Vernon 1994), § 32.45 (Vernon Supp.2003). Cantrell appealed, and the Texas Supreme Court transferred jurisdiction of Cantrell's direct appeal to this Court. This Court affirmed Cantrell's conviction on direct appeal. *Cantrell v. State,* 75 S.W.3d 503 (Tex.App.-Texarkana 2002, pet. ref'd). The mandate of affirmance issued September 20, 2002.

 Texas is divided into several appellate districts with a court of appeals in each district. TEX. GOV'T CODE ANN. § 22.201(a) (Vernon 1988). The Sixth Court of Appeals District currently has jurisdiction over Bowie, Camp, Cass, Delta, Fannin, Franklin, Gregg, Harrison, Hopkins, Hunt, Lamar, Marion, Morris, Panola, Red River, Rusk, Titus, Upshur, and Wood Counties. TEX. GOV'T CODE ANN. § 22.201(g) (Vernon 1988). Montgomery County falls under the jurisdiction of the Ninth Court of Appeals District. TEX. GOV'T CODE ANN. § 22.201(j) (Vernon 1988). The Texas Supreme Court may transfer cases from one appellate district to another. TEX. GOV'T CODE ANN. § 73.001, et seq. (Vernon 1998 & Supp.2003). Once an appellate court acquires jurisdiction pursuant to a transfer order of the Texas Supreme Court, it retains full authority and power to dispose finally of the case on appeal and to enforce its mandate. *Varner v. Koons,* 888 S.W.2d 511, 513 (Tex.App.-El Paso 1994, orig. proceeding). "However, any further or future appeals from orders or judgments of the trial court ... would necessarily be to the court of appeals for the district in which the trial court is located, . . . ." *Id.* (citing *Ralston v. Ralston,* 476 S.W.2d 775, 778 (Tex.Civ.App.-Beaumont 1972, no writ); *Smith v. City Nat'l Bank,* 132 S.W. 527, 528 (Tex.Civ.App.1910, no writ)).

The mandate on Cantrell's direct appeal issued in September 2002. Cantrell's appeal of the denial of his application for writ of habeas corpus under Article 11.08 of the Texas Code of Criminal Procedure does not invoke this Court's authority to enforce the mandate of our opinion in Cantrell's original appeal. The Texas Supreme Court has not transferred to this Court jurisdiction over Cantrell's habeas appeal. Accordingly, we are without jurisdiction to hear Cantrell's appeal in this matter.

We dismiss this case for want of jurisdiction.