Motion for Rehearing Denied; Motion for Rehearing En Banc Denied As
Moot; Memorandum Opinion of February 24, 2011 Withdrawn; Affirmed and En Banc Opinion
filed June 2, 2011.



 

 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00522-CV



 

ELENE B. GLASSMAN, Appellant

V.

MERYL B. GOODFRIEND, Appellee

 



On Appeal from Probate Court No.
1

Harris County, Texas

Trial Court Cause No. 350,750-403



 

EN BANC OPINION

            Appellant
Elene B. Glassman’s motion for panel rehearing is denied, and her motion for
rehearing en banc is denied as moot.  On its own motion, this court grants en
banc rehearing to secure uniformity in the court’s precedent regarding the
legal standard for imposing sanctions under Texas Rule of Appellate Procedure
45.  

Glassman
appeals from a final order in garnishment obtained by appellee, Meryl B.
Goodfriend, to satisfy an underlying judgment.  Glassman, an attorney, appears pro
se in this appeal.  Goodfriend contends this appeal is frivolous and
requests sanctions.  We affirm the final order in garnishment and assess $2,500
in sanctions against Glassman.

Background

Glassman
and Goodfriend are sisters.  Their parents established an inter vivos trust
with Glassman appointed as trustee.  Under its provisions, the trust was to be
discharged and the assets distributed equally to Glassman and Goodfriend upon
the last surviving parent’s death.  In 2004 (after the last parent died), Goodfriend
filed a petition to compel an accounting, which she later amended to also compel
distribution of trust assets, alleging Glassman had failed to comply with Goodfriend’s
requests for performance of these duties.  Goodfriend also applied for injunctive
relief to preserve the status quo of trust property, alleging she believed
Glassman might wrongfully disburse assets or remove them beyond the court’s
jurisdiction.

On
January 31, 2005, the trial court signed an order requiring an accounting by a
date certain.[1] 
The court also ordered the parties to mediate following the accounting.  Goodfriend
subsequently filed a motion for contempt, contending Glassman had not complied
with the order for the accounting.  The parties then mediated and signed an agreement
on various matters.  On May 4, 2005, the trial court reduced to interlocutory judgment
several items of this agreement, including Goodfriend’s willingness to pass an upcoming
hearing set on her previous motion for contempt in exchange for Glassman’s
providing the accounting by another date certain.

Goodfriend
later again moved for contempt, alleging Glassman failed to provide the
accounting as specified in the May 4, 2005 judgment.  The trial court signed an
order requiring Glassman to provide the accounting within seven days or serve
three days in jail.  When Glassman failed to comply with that order, Goodfriend
filed a motion to enforce.  On July 20, 2005, after a hearing, the trial court found
Glassman in contempt of the May 4, 2005 judgment and ordered her confined for three
days.[2]

Subsequently,
Goodfriend amended her request for injunctive relief, alleging Glassman had
mismanaged the trust and still refused to provide the accounting.  Glassman
then filed a motion to recuse both the trial judge and associate judge, suggesting
they had committed various procedural irregularities, engaged in ex parte
communications, and lacked impartiality.  Another judge assigned to decide the
recusal matter denied the motion, found it was filed to delay a hearing
originally scheduled on Goodfriend’s application for injunctive relief, and
sanctioned Glassman $2,000.

The
trial court then resumed proceedings in October 2005 on the application for
injunctive relief.  On October 24, 2005, after having issued a temporary
restraining order, the trial court signed a temporary injunction and order
removing Glassman as trustee, terminating the trust, and appointing a successor
trustee to wind up the trust.  The court also enjoined Glassman from exercising
control over any trust assets and ordered her to relinquish the assets and
records to the successor trustee.  Thereafter, the successor trustee performed
her duties, partial distributions of assets were made to Goodfriend, and the
trust was ultimately closed in August 2007 after a final accounting.

In the
meantime, on the same day that the trial court issued the temporary injunction,
Goodfriend filed a second amended petition alleging claims against Glassman for
breach of fiduciary duty based on her various actions and omissions as trustee
and breach of contract for her failure to comply with several provisions in the
parties’ mediation agreement.  Goodfriend requested an accounting, distribution
of trust assets, damages, attorneys’ fees, removal of Glassman as trustee, and
a ruling that Glassman must forfeit all trustee fees, profits, and improper
benefits she obtained by breach of the fiduciary relationship.

While
these claims were pending, the trial court again sanctioned Glassman $9,624.09,
finding she had engaged in “a pattern of discovery abuse and misconduct,”
including disregarding prior court orders compelling discovery, failing to
provide the accounting as previously ordered, disobeying the temporary
injunction by refusing to produce trust records, filing the groundless motion
to recuse, and failing to pay the sanctions assessed for filing the motion to
recuse.  As requested by Goodfriend, the trial court converted both sanctions
orders to an enforceable money judgment for $11,624.09.  This judgment was
satisfied via a garnishment proceeding instituted by Goodfriend for funds held
by Glassman at Raymond James & Associates, Inc.

On June
9, 2006, a bench trial was conducted on the remaining claims asserted in Goodfriend’s
second amended petition.  Although notified of the setting, Glassman did not
attend.  Goodfriend presented evidence supporting her claims.  On June 27, 2006,
the trial court signed a final judgment (1) finding that Glassman “knowingly
and willfully breached her fiduciary duty as Trustee . . . including
malfeasance and defalcation,” (2) awarding Goodfriend $307,948.63 in damages
(the total damages found minus partial distributions of trust assets already
made), $45,114.47 in pre-judgment interest, $50,000 in exemplary damages,
conditional appellate attorneys’ fees, and post-judgment interest, (3) ruling
that Glassman’s liability under the judgment exceeded her beneficial interest
in the trust and thus her interest was awarded to Goodfriend, (4) ruling that Glassman
take nothing on her counterclaim for declaratory judgment that a condominium owned
by the parties’ mother (which passed under her will) should be an asset of the
trust, and (5) ordering Glassman to relinquish to Goodfriend, and refrain from
exerting control over, any trust property.  Glassman did not file a timely
motion for new trial or equivalent and did not timely appeal.

            Thereafter, the
June 27, 2006 judgment was partially satisfied via garnishment proceedings of
funds held by Glassman at Raymond James and Charles Schwab & Co.  Goodfriend
then instituted the garnishment proceeding that resulted in the order at issue
in this appeal.  Specifically, in August 2006, Goodfriend filed an original application
for writ of garnishment after judgment directed to JP Morgan Chase Bank
(“Chase”), which was assigned a separate cause number from the underlying
suit.  Chase answered that it was indebted to Glassman for $3,723.31 and she
held one or more safe deposit boxes at the institution.  In March 2009,
Goodfriend filed a motion for final order in garnishment.[3] 
Glassman moved to set aside the garnishment, arguing the trial court had no
jurisdiction to order the underlying accountings, render the underlying judgment,
or issue a writ of garnishment.  On April 30, 2009, after a hearing, the trial
court signed a final order in garnishment, ordering that Chase pay Goodfriend the
$3,723.31 and the contents of the safe deposit box be sold to satisfy the
judgment.  Subsequently, Chase complied with the order, and the funds were
applied toward satisfaction of the judgment.

Glassman
then filed the present appeal.  In her original notice of appeal, Glassman
mentioned only the garnishment order.  Subsequently, in an amended notice of
appeal, Glassman reiterated she is appealing the garnishment order but also
suggested the June 27, 2006 judgment is void.[4]  She also filed in the trial court a
motion for rehearing of the garnishment order and to declare the underlying
judgment void.  After a hearing, the trial court denied this motion.[5]

Glassman’s Appeal

            In her four
stated appellate issues, Glassman contends the trial court erred by violating
Glassman’s due process rights under the United States and Texas constitutions and
by rendering the April 30, 2009 final order in garnishment (hereinafter “the
garnishment order”), the June 27, 2006 judgment (hereinafter “the judgment”), and
the initial January 31, 2005 order requiring an accounting from inception of
the trust (hereinafter “the initial accounting order”).

Preliminarily,
with respect to Glassman’s first issue, she generally suggests the trial court violated
her constitutional rights by engaging in “a pattern of disregard of facts, law
and jurisdictional standards” and other “irregularities,” exhibiting bias
against Glassman, and disregarding the “Judicial Canons of Ethics.”  This argument
seems to be based solely on Glassman’s other contentions in this appeal. 
Although these other contentions are not exactly clear, we have endeavored to glean
her complaints.

Glassman
presents no independent complaints regarding the garnishment order. Rather, she
challenges the garnishment order by assailing the judgment on which the
garnishment order was based, as well as the initial accounting order and the July
20, 2005 contempt order (hereinafter “the contempt order”).  However, she did
not timely appeal the judgment because she filed her amended notice of appeal,
first mentioning the judgment, more than three years after it was signed.  See
Tex. R. App. P. 26.1 (providing notice of appeal must be filed within thirty
days after judgment is signed or within ninety days if any party timely files motion
for new trial, motion to modify, motion to reinstate, or request for findings
of fact and conclusions of law).[6] 
Glassman’s timely appeal of the garnishment order cannot also be deemed a
timely appeal of the judgment; although a garnishment action is ancillary to an
underlying suit, the action is a separate proceeding and thus appeal from a final
judgment in garnishment lies independently of the underlying suit.  See Varner v. Koons, 888 S.W.2d 511, 513
(Tex. App.—El Paso 1994, orig. proceeding).

Apparently
acknowledging she failed to timely appeal the judgment, Glassman argues the
trial court lacked subject matter jurisdiction to render the judgment and it is
therefore void.  See Alfonso v. Skadden, 251 S.W.3d 52, 55 (Tex.
2008) (recognizing that lack of subject matter jurisdiction may be raised at
any time, including in action to enforce underlying judgment, if void for lack
of jurisdiction); Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005) (stating
that only void judgment, which includes judgment rendered by court lacking
subject matter jurisdiction, may be collaterally attacked); Stewart v. USA Custom Paint & Body Shop, Inc.,
870 S.W.2d 18, 20 (Tex. 1994). (recognizing that party seeking to dissolve writ of garnishment
by assailing underlying judgment is waging collateral attack and must show
judgment is void).

Although
pertinent provisions have since been recodified, Texas Probate Code section
5(e) was the statute governing jurisdiction in this case.  Under the version of
section 5(e) in effect when Goodfriend filed her original petition, a statutory
probate court had concurrent jurisdiction with a district court in “all actions
involving an inter vivos trust.”  See Act of May 28, 2003, 78th Leg.,
R.S., ch. 1060, § 2, 2003 Tex. Gen. Laws 3052, 3053 (amended 2005 and 2009), repealed
by Act of June 1, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen.
Laws 4273, 4279.  Goodfriend’s claims in the underlying suit were actions
“involving an inter vivos trust.”  Further, by the time Goodfriend filed her
second amended petition adding claims for damages against Glassman, the
Legislature had amended section 5(e) to also provide that a statutory probate
court has concurrent jurisdiction with a district court in all actions “against
a trustee.”  See Act of May 23, 2005, 79th Leg., R.S., ch. 551, § 1,
2005 Tex. Gen. Laws 1476, 1477 (amended 2009), repealed by Act of June 1,
2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279.[7]

In all
of Goodfriend’s petitions, she alleged the trial court had jurisdiction under
Probate Code section 5(e) and specifically referred to Glassman as “trustee” of
the “inter vivos trust.”  Glassman does not seem to dispute that a statutory
probate court has jurisdiction over a suit involving an inter vivos trust and a
suit against a trustee, and she acknowledges that Goodfriend pleaded these jurisdictional
grounds.  Nevertheless, Glassman argues that Goodfriend failed to prove the trial
court’s jurisdiction.  However, the Supreme Court of Texas has stated,

In order for a collateral attack to be successful the
record must affirmatively reveal the jurisdictional defect. It seems to be the
settled rule that if the record in the cause does not negative the existence of
facts authorizing the court to render the judgment, the law conclusively
presumes that such facts were established before the court when such judgment
was rendered, and evidence dehors the record to the contrary will not be
received.

Alfonso, 251
S.W.3d at 55 (quoting White v. White, 179 S.W.2d 503, 506 (Tex.
1944)).

The
record in this case actually demonstrates the existence of jurisdiction; Goodfriend
attached to her original petition the trust instrument showing Glassman was
trustee and the nature of the trust was inter vivos because it benefitted the
parents during their lifetimes.  See Black’s Law Dictionary 1651
(9th ed. 2009) (defining “inter vivos trust” as “[a] trust that is created and
takes effect during the settlor’s lifetime”).

Glassman
cites no evidence negating these facts, as indeed she cannot because they were
never in dispute.  In Glassman’s own pleadings, such as her original answer to
the underlying action and her counterclaim, she referred to herself as
“trustee” and to the “inter vivos trust.”  These clear and unequivocal
statements constitute judicial admissions of the underlying facts necessary to
establish the trial court’s jurisdiction.  See Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 905 (Tex. 2000) (“A judicial admission must be a clear, deliberate, and
unequivocal statement . . . and occurs when an assertion of fact is
conclusively established in live pleadings . . . .”).

Glassman
also contends the trial court lacked jurisdiction to sign the initial
accounting order and the contempt order.  Glassman has not directly appealed
these orders; thus, she apparently assails them to support her ultimate
contention that the garnishment order, from which she does appeal, was
invalid.  Because the garnishment order was rendered to aid Goodfriend in
collecting the judgment, we can discern no reason why an attack on the initial
accounting order or contempt order, even if successful, would affect validity
of the garnishment order.  However, Glassman generally asserts that the initial
accounting order “tainted everything that followed.”  Therefore, she apparently
suggests that the alleged invalidity of the initial accounting order, as well
as the contempt order, somehow caused the judgment which followed to be void,
which would in turn require reversal of the garnishment order.  Again, we
discern no reason why any invalidity of these orders would negate the trial
court’s jurisdiction to render the judgment that followed.

Nevertheless,
Glassman argues the initial accounting order did not conform to the oral ruling
by the associate judge who conducted the hearing on the request for accounting
because the written order required an accounting from “the date of [the
trust’s] inception to current date” whereas the associate judge purportedly required
only an “updated accounting.”  This complaint is not an attack on the trial court’s
jurisdiction.  “Jurisdiction” refers to a court’s authority to adjudicate a
case.  Reiss v. Reiss, 118 S.W.3d 439, 443
(Tex. 2003) (citing Dubai Petroleum Co. v. Kazi,
12 S.W.3d 71, 75 (Tex. 2000)).  Errors that would not make a judgment void, such as a
court’s action contrary to a statute, constitutional provision, or rule of
civil or appellate procedure, make a judgment merely voidable and must be
attacked within prescribed time limits.  BancorpSouth Bank v. Prevot,
256 S.W.3d 719, 728 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing
Reiss, 118 S.W.3d at 443; Mapco, Inc. v. Forrest, 795 S.W.2d
700, 703 (Tex. 1990)
(orig. proceeding); Cook v. Cameron, 733 S.W.2d 137, 140
(Tex. 1987)).  The alleged
error cited by Glassman would fall into this category and does not pertain to
the trial court’s authority to adjudicate the case, including the order at
issue.  Instead, for the reasons discussed above, we conclude the court, as a
statutory probate court, had jurisdiction to render the initial accounting
order.

The
contempt order was based on Glassman’s failure to comply with the trial court’s
May 4, 2005 judgment, which memorialized several items in the parties’
mediation agreement.  According to Glassman, the mediation agreement, as a
contract, could not be reduced to judgment (notwithstanding that Glassman
agreed to rendition of this judgment) and purportedly provided the parties
would mediate further disputes.  Glassman also suggests she was improperly
incarcerated on the recommendation of the associate judge while an appeal of
its ruling was pending in the trial court.  However, we may not entertain these contentions because a
court of appeals lacks jurisdiction to consider a trial court’s contempt order
even when it is “appealed along with a judgment that is appealable.”  See
In re Office of Att’y. Gen. of Tex.,
215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding) (quoting Cadle Co. v. Lobingier, 50 S.W.3d 662,
671 (Tex. App.—Fort Worth 2001, pet. denied)).  Moreover, even if we could review the contempt
order, Glassman’s contentions do not pertain to the trial court’s authority to
find contempt; instead, she effectively alleges the trial court committed various
procedural or substantive errors, which would merely render the contempt order
voidable.

In sum, we
reject Glassman’s contention that the trial court lacked jurisdiction to render
the underlying judgment on which the garnishment order was based.  Accordingly,
we overrule her four issues and affirm the garnishment order.

Appellate Sanctions

            Goodfriend asserts that this appeal is
frivolous and requests sanctions under Texas Rule of Appellate Procedure 45.  See Tex. R. App. P. 45.  On
its own motion, we have granted en banc rehearing to resolve a conflict among opinions
of this court on whether a determination that an appeal was taken in bad faith
is required before this court may award sanctions under Rule 45.  See
Tex. R. App. P. 41.2(c), 45. Compare Hatton v. Grigar, No.
14-03-01210-CV, 2004 WL 583045, at *2 (Tex. App.—Houston [14th Dist.] Mar. 25,
2004, no pet.) (mem. op.), with Azubuike v. Fiesta Mart, Inc., 970
S.W.2d 60, 66 (Tex. App.CHouston [14th Dist.] 1998, no pet.).

Under former Texas Rule of Appellate
Procedure 84, appellate courts in civil appeals were authorized to award
“damages for delay” only if they found that an appellant had taken an appeal “for
delay and without sufficient cause.”  See former Tex. R. App. P. 84.  Courts construing this rule,
including this court, determined that, before an appellate court could award
Rule 84 damages, it must conclude the appeal was both objectively frivolous and
subjectively taken in bad faith.  See Winrock Houston Assocs. Ltd.
P’ship v. Bergstrom, 879 S.W.2d 144, 152 (Tex. App.—Houston [14th Dist.]
1994, no writ).  Effective September 1, 1997, the Supreme Court of Texas
revised the appellate rules and changed the language regarding the prerequisites
for appellate sanctions.  Rule 45, the new rule governing appellate sanctions,
does not contain any language that would make bad faith a prerequisite for
appellate sanctions.   See Tex. R. App. P. 45.

Nonetheless, this court continued to
follow the legal standard from former Rule 84 (requiring both a frivolous
appeal and bad faith) in Rule 45 cases.  See Azubuike, 970 S.W.2d
at 66 (denying request for Rule 45 sanctions because record did not show appeal
was frivolous and brought in bad faith).  Once this court had applied the
standard from former Rule 84 to Rule 45, many panels of this court followed
suit based upon horizontal stare decisis.[8] 
See, e.g., Anderson v. Matthews, No. 14-05-01286-CV, 2007 WL 2447263,
at *4 (Tex. App.—Houston [14th Dist.] Aug. 30, 2007, no pet.) (mem. op.)
(following Azubuike precedent).  Other panels of this court concluded
that an objectively frivolous appeal is the only prerequisite for sanctions
under Rule 45.  See, e.g., Hatton, 2004 WL 583045, at *2.  The
Supreme Court of Texas has not yet addressed this issue, which we now consider
en banc.

            Texas Rule of Appellate Procedure 45
provides:

If the court
of appeals determines that an appeal is frivolous, it may—on motion of any
party or on its own initiative, after notice and a reasonable opportunity for a
response—award each prevailing party just damages. In determining whether to
award damages, the court must not consider any matter that does not appear in
the record, briefs, or other papers filed in the court of appeals.

Tex. R. App. P. 45.  Under the plain meaning of Rule 45, this court may award
just damages if, after considering everything in its file, this court makes an
objective determination that the appeal is frivolous.  See Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.CHouston [1st Dist.] 2001, pet.
denied) (en banc).  This determination may be made on the motion of any party
or on this court’s own initiative, after notice and a reasonable opportunity
for a response.  See Tex. R. App. P. 45.  Unlike former Rule 84, there is no language in Rule 45 requiring
a determination that the appeal was taken in bad faith before this court may
award sanctions.  See id.  Therefore, we hold that such a determination
is not required for this court to award just damages under Rule 45.  See
Smith, 51 S.W.3d at 381.  We disapprove of all portions of prior
opinions of this court to the extent the court concluded otherwise, including,
but not limited to, the Rule 45 analysis in the following cases:  Alexander v. Alexander, No. 14-09-01092-CV, 2011 WL
1123530, at *5 (Tex. App.—Houston [14th Dist.] Mar. 29, 2011, no pet. h.) (mem.
op.); Vance v. Tamborello, No. 14-09-00798-CV, 2010 WL 4217527, at *3
(Tex. App.—Houston [14th Dist.] Oct. 26, 2010, no pet.) (mem. op.); Osaka
Japanese Restaurant, Inc. v. Osaka Steakhouse Corp., No. 14-09-01031-CV,
2010 WL 3418206, at *4 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, no pet.)
(mem. op.); Young v. Galveston Bleak House Realty, No. 14-08-00698-CV,
2010 WL 2784339, at *6 (Tex. App.—Houston [14th Dist.] Jul. 15, 2010, no pet.)
(mem. op.); Vance v. Tamborello, Nos. 14-09-00231-CV, 14-09-00315-CV, 2010
WL 1655489, at *4 (Tex. App.—Houston [14th Dist.] Apr. 27, 2010, no pet.) (mem.
op.); Hamilton v. Childs, No. 14-09-00719-CV, 2009 WL 5149918, at *1
(Tex. App.—Houston [14th Dist.] Dec. 31, 2009, no pet.) (mem. op.); Cantu v.
Maher, No. 14-07-00584-CV, 2009 WL 2589253, at *4 (Tex. App.—Houston [14th
Dist.] Aug. 25, 2009, pet. denied) (mem. op.); Lively v. Henderson, No.
14-05-01229-CV, 2007 WL 3342031, at *5–6 (Tex. App.—Houston [14th Dist.] Nov.
13, 2007, pet. denied) (mem. op.); Anderson v. Matthews, No.
14-05-01286-CV, 2007 WL 2447263, at *4 (Tex. App.—Houston [14th Dist.] Aug. 30,
2007, no pet.) (mem. op.); Yazdchi v. Chesney, No. 14-05-00817-CV, 2007
WL 237697, at *2 (Tex. App.—Houston [14th Dist.] Jan. 30, 2007, no pet.) (mem.
op.); Nguyen v. Intertex, 93 S.W.3d 288, 299–300 (Tex. App.—Houston
[14th Dist.] 2002, no pet.); Chapman v. Hootman, 999 S.W.2d 118, 124–25
(Tex. App.—Houston [14th Dist.] 1999, no pet.).

            Nonetheless, this court still may consider
a party’s bad faith in taking an appeal, for example, when determining the
amount of just damages to award under Rule 45.  See Smith, 51 S.W.3d at
381.  Rule 45 does not mandate that this court award just damages in every case
in which an appeal is frivolous; rather the decision to award such damages is a
matter within this court’s discretion, which we exercise with prudence and
caution after careful deliberation.  See Tex. R. App. P. 45; Smith,
51 S.W.3d at 381.  To determine whether an appeal is objectively frivolous, we
review the record from the viewpoint of the advocate and decide whether the advocate
had reasonable grounds to believe the case could be reversed.  See Smith,
51 S.W.3d at 381.

The right to appeal is most sacred
and valuable.  Id.  However, spurious appeals unnecessarily burden
parties and our already crowded docket, and we will not permit them to go
unpunished.  Id.  No litigant has the right to put an opposing party to
needless burden and expense or to waste this court’s time, which otherwise
would be spent on the important task of adjudicating valid disputes.  Id.

Considering the record, particularly
the totality of the following factors, we conclude that this appeal is
frivolous because, reviewing the record from Glassman’s viewpoint, she had no reasonable
grounds to believe the case could be reversed:

·       
she presents no independent basis
for reversing the garnishment order from which she appeals; 

·       
instead, she attempts to challenge
the underlying judgment on which the garnishment order was based although an
appeal of the judgment is clearly time-barred; 

·       
she tries to circumvent her
failure to timely appeal the judgment by arguing the trial court lacked
jurisdiction although the record clearly demonstrated jurisdiction, she
admitted in her pleadings the underlying facts demonstrating jurisdiction, she
reiterated these facts at the outset of her appellate brief before proceeding
to challenge the trial court’s jurisdiction, and she directly acknowledged the
court’s jurisdiction in her counterclaim;[9]

·       
the various attacks on the
underlying orders cannot possibly be characterized as jurisdictional arguments and
nonetheless do not affect validity of the judgment or garnishment order;

·       
the law is well established
that we may not consider the contempt order.

We recognize that Glassman’s acknowledgement
in her counterclaim of the trial court’s jurisdiction, as distinguished from
her admission of the underlying facts, would be insufficient alone to establish
jurisdiction if it did not otherwise exist because subject matter jurisdiction
cannot be conferred by consent or waiver.  See Dubai Petroleum Co.,
12 S.W.3d at 76.  However, this acknowledgement at least reflects Glassman knew
the trial court otherwise had jurisdiction and thus influences our decision that
sanctions are justified based on her now advancing the opposite position.  Moreover,
Glassman is an attorney, albeit appearing pro se on appeal; therefore,
she cannot claim ignorance of the law to excuse her unmeritorious attack on the
trial court’s jurisdiction or to negate her acknowledgement of jurisdiction in
the counterclaim she personally signed.




 

 

Accordingly, pursuant to Rule 45, we award just damages to Goodfriend against Glassman in the
amount of $2,500.

                                    

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

En banc.









[1]
The trial court referred some matters for hearing by an associate judge, and
the court then signed the recommended order or judgment.  However, we will
refer to all actions as taken by “the trial court,” except when the fact that a
ruling was recommended by the associate judge is pertinent to Glassman’s
appellate complaints.





[2]
Glassman filed a habeas corpus petition which became moot when she was released
early.





[3]
Apparently, the following circumstances contributed
to the lengthy period between the application for writ of garnishment and the
motion for final order of garnishment: Glassman refused to open the box on a
certain date, in defiance of a court order; between service of the writ of
garnishment on Chase and the time Glassman was required to open the box (per
the court order), Chase did not place the box on “restriction,” Glassman
accessed it four times, and she added a signatory, who accessed it once; and
Goodfriend had to obtain another court order allowing Glassman’s daughter to
open the box.





[4]
Although Glassman referenced the “June 9, 2006” judgment, we presume she meant
the June 27, 2006 judgment because the action on June 9, 2006 was the bench trial.






[5]
As demonstrated above, Goodfriend’s seemingly
straightforward request for an accounting and distribution, as clearly required
under the trust, spawned trial court proceedings that lasted almost five years,
due in part to Glassman’s defiance of various court orders and failure to fulfill
her duties as trustee.  We have detailed only the proceedings necessary to
present a complete background.  However, we note that there were numerous other
filings, mostly by Glassman, which are not germane to this appeal, such as
motions for rehearing of various court orders; at least four motions for
judgment nunc pro tunc (some filed several years after the applicable order or
judgment), which the trial court denied because the complaints raised were not
clerical errors but challenges to the substance of the orders or judgments;
objections to the denial of these motions; and a request that the court review
testimony provided by Goodfriend and her attorney in a State Bar of Texas
disciplinary proceeding against Glassman. 

 





[6]
An amended notice of appeal correcting a defect or omission in an earlier filed
notice may be filed in the appellate court at any time before the appellant’s
brief is filed.  Tex. R. App. P. 25.1(f).  To the extent Glassman’s failure to
mention the judgment in her original notice of appeal could be considered a
“defect or omission,” which she was permitted to correct via an amended notice,
she nonetheless did not timely appeal the judgment via her original notice
because it was filed two years and ten months after the judgment was signed.  See
Tex. R. App. P. 26.1.





[7]
When repealing section 5(e), the Legislature enacted Probate Code sections 4G
and 4H, which likewise grant a statutory probate court jurisdiction over
actions involving an inter vivos trust and actions against a trustee.  See
Tex. Prob. Code Ann. §§ 4G, 4H (West Supp. 2009).  However, the former
codification—section 5(e)—is applicable to the present case, although the law
remains the same.  See id.





[8]
See Chase Home Fin., L.L.C. v. Cal. W. Reconveyance Corp., 309
S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that a
panel of this court is bound by prior holding of another panel of this court
absent a decision from a higher court or this court sitting en banc which is on
point and contrary to the prior panel holding or an intervening and material
change in the statutory law). 





[9]
In her counterclaim, Glassman pleaded, “Jurisdiction of this suit lies in
Harris County, Texas for the following reasons: a. In accordance with Tex. Civ.
Pract. & Rem. Code Ann. Ch. 37.005 because it relates to a Trust that is
subject to the jurisdiction of this Court.”  (emphasis added).