**OWEN ELECTRIC SUPPLY, INC., Appellant,**

v.

**BRITE DAY CONSTRUCTION, INC. d/b/a Construction Design Services, Appellee.**

**No. 01–91–00164–CV.**

Court of Appeals of Texas, Houston (1st Dist.)

Nov. 14, 1991.

Rehearing Denied Jan. 9, 1992.

OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of a garnishee. We affirm.

Appellant, Owen Electric Supply, Inc. (Owen Electric), obtained a money judgment against Ron Sutherland, individually. In an effort to collect the judgment, Owen Electric filed a garnishment suit against appellee, Brite Day Construction, Inc., d/b/a Construction Design Services (Brite Day), seeking to garnish funds Brite Day allegedly owed Sutherland under a construction contract. Brite Day answered, saying it had no assets of Sutherland's and owed him no debt. Thereafter, Sutherland filed Chapter 7 bankruptcy proceedings and he received a discharge in bankruptcy. Owen Electric and Brite Day both filed motions for summary judgment in the garnishment action. The trial court granted a partial summary judgment in favor of Brite Day and scheduled an evidentiary hearing on attorney's fees. A final summary judgment was later entered in favor of Brite Day.

In its first point of error, Owen Electric asserts the trial court erred in granting summary judgment because there are fact issues regarding the validity of the garnishment and the amount of money trapped.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movants and any

Damon R. Capps, Houston, for appellant.

George R. Paine, Houston, for appellee.

Before TREVATHAN, C.J., and DUGGAN and MIRABAL, JJ.

doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ.). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Insurance Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

The summary judgment orders in the present case do not state the grounds on which judgment was granted. Therefore, if any of the grounds advanced in the motion for summary judgment have merit, the summary judgment must be affirmed.

Garnishment is a statutory proceeding, governed by chapter 63 of the Civil Practice and Remedies Code and rules 657 through 679 of the Rules of Civil Procedure. TEX.CIV.PRAC. & REM.CODE ANN. § 63.001 (Vernon 1986); TEX.R.CIV.P. 657 through 679. The provisions of the garnishment statute are to be strictly construed. *First Nat'l Bank v. Guaranty Bond State Bank*, 23 S.W.2d 312, 313 (Tex. Comm'n App.1930, judgm't adopted). A postjudgment garnishment proceeding is a constitutional and valid method of enforcing a valid original judgment. *Mullins v. Main Bank & Trust*, 592 S.W.2d 24, 25 (Tex.Civ.App.—Beaumont 1979, no writ); *Ranchers & Farmers Livestock Auction*

*Co. v. First State Bank*, 531 S.W.2d 167, 170–71 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). The only issue to be tried in a garnishment proceeding is, "who is entitled to the funds involved in the proceeding." *Home Improvement Loan Co. v. Brewer*, 318 S.W.2d 673, 677 (Tex.Civ.App.—Dallas 1958, writ ref'd n.r.e.).

Owen Electric obtained a writ of garnishment, alleging it held a valid, subsisting judgment against Sutherland, and attaching an affidavit that Sutherland did not possess property in Texas subject to execution sufficient to satisfy the judgment. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 63.001(3) (Vernon 1986); TEX.R.CIV.P. 658. As of the day Brite Day was served with the writ, any money or property held by Brite Day and belonging to Sutherland was impounded. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 63.003 (Vernon 1986). Brite Day answered, under oath, that it did not owe a debt to Sutherland, and it did not possess any effects belonging to Sutherland, at the time of service and up to and including the date of its answer. Owen Electric filed a controverting plea, alleging that a debt was owed by Brite Day to Sutherland for work done by Sutherland as an electrical subcontractor for Brite Day.

The summary judgment evidence before the trial court included a copy of Owen Electric's sworn controverting plea, Brite Day's answers to interrogatories, Brite Day's response to production requests, the petition, schedules, and final discharge in Sutherland's bankruptcy, and several affidavits.

One ground for summary judgment raised by Brite Day was that Sutherland's bankruptcy discharge voided the judgment against Sutherland, and a garnishment cannot be based on a void judgment.

Brite Day was served with the writ of garnishment on December 12, 1988. On February 2, 1989, Sutherland filed his petition in bankruptcy. Brite Day then filed a notice of the bankruptcy proceeding in the garnishment suit on February 9, 1989. Sutherland's A–3 schedule of unsecured creditors listed Owen Electric as a creditor, along with the $12,000 judgment debt. A

discharge was entered on June 19, 1989. The bankruptcy discharge specifically ordered:

1. The above-named debtor is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. § 523;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from the discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a);

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

Brite Day, in its motion for summary judgment, claimed Owen Electric's judgment against Sutherland was null and void because of the bankruptcy discharge, and the discharge was a defense to the garnishment proceedings.

Owen Electric's response to Brite Day's motion for summary judgment was that a discharge in bankruptcy, while destroying the debtor's personal liability on the judgment, does not destroy the debt. Owen Electric asserts Brite Day became liable to Owen Electric, as garnishor, when Brite Day was served with the writ of garnishment. According to Owen Electric, at the moment Brite Day was served, Sutherland lost the right to collect monies owed him by Brite Day, and therefore any sums owed Sutherland by Brite Day were not part of Sutherland's assets subject to disposition through the bankruptcy proceeding. Owen Electric argues the garnished debt belongs to it, and the Chapter 7 proceedings filed after the debt was garnished cannot affect Owen Electric's entitlement to the garnished sums. We disagree.

When an action is for garnishment of funds to satisfy a prior judgment against the debtor, the action is considered to be "against the debtor" and is stayed by bankruptcy proceedings of the debtor. *American Precision Vibrator v. National Air Vibrator*, 771 S.W.2d 562, 563 (Tex. App.—Houston [1st Dist.] 1989, no writ). Any subsequent judicial proceedings taken against the debtor are in violation of the automatic stay and are void, not merely voidable. *Continental Casing Corp. v. Samedan Oil*, 751 S.W.2d 499, 501 (Tex. 1988). This is because the bankruptcy stay *deprives* state courts of jurisdiction over the debtor and his property until the time the stay is lifted or in some way modified. *Southern County Mut. Ins. Co. v. Powell*, 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, no writ).

A judgment against a garnishee, entered in a garnishment proceeding, cannot stand when the underlying judgment has been set aside. *Tom Benson Chevrolet Co., Inc. v. Beall*, 567 S.W.2d 857, 859 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.) (judgment reversed and take nothing judgment rendered against garnishor where the debtor was granted a new trial on the underlying default judgment). A judgment that is nonexistent will not support a garnishment judgment. *Id.*

In the present case, the bankruptcy order expressly states that Sutherland's liability under the judgment is null and void; therefore, the judgment could not be enforced against Sutherland. Accordingly, the garnishment suit was no longer based upon a "valid, subsisting judgment." We hold the trial court correctly granted summary judgment on this ground.

We overrule point of error one.

In its second point of error, Owen Electric asserts the trial court erred in granting summary judgment because fact issues existed regarding reasonable attorney's fees.

The amount of an award of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal without a clear showing of abuse of discretion. *Reintsma v. Greater Austin Apartment Maintenance*, 549 S.W.2d 434, 437 (Tex.Civ.App.—Austin 1978, writ dism'd). When a movant includes a prayer for attorney's fees in the summary judgment motion, an affidavit should be attached to the motion, and constitutes "expert opinion testimony" that may be considered regarding the movant's attorney's fees. *Gensco, Inc. v. Transformaciones Metalurgicias Especiales, S.A.*, 666 S.W.2d 549, 559–560 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd). To create a fact issue, the non-movant's attorney must file an affidavit contesting the reasonableness of the movant's attorney's fee affidavit. *See Tesoro Petroleum Corp. v. Coastal Refining & Marketing, Inc.*, 754 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Owen Electric asserts that the filing of affidavits by both parties, concerning reasonable and necessary attorney's fees, created a fact issue. However, the affidavits filed by each party concerned their *own* "reasonable and necessary attorney's fees." There is nothing in the record contradicting the reasonableness of the attorney's fees claimed by either side.

We overrule Owen Electric's second point of error.

In its final point of error, Owen Electric asserts it did not receive notice of any hearing that resulted in the signing of the final judgment.

A partial summary judgment was granted in favor of Brite Day on February 26, 1990. The partial summary judgment reserved a ruling on reasonable attorney's fees for a later date. Owen Electric does not complain it did not have notice of the submission date that resulted in the partial summary judgment.

As discussed under point of error two, the uncontroverted summary judgment evidence on attorney's fees supports the summary judgment. Oral hearings on a motion for summary judgment are not necessary, and it is not error for a trial court to rule based solely on the written submissions. *Martin v. Cohen*, 804 S.W.2d 201, 203 (Tex.App.—Houston [14th Dist.] 1991, no writ). The fact that the final summary judgment was granted a number of months after the original submission date does not constitute error when, as here, all parties had proper notice of the original submission date.

We overrule Owen Electric's final point of error.

We affirm the judgment.