# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-000087-CV

**Gary Lee Adams, et al., Appellants**

**v.**

**Gray & Becker, P.C., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. GN104246, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

Appellants filed a notice of appeal in the underlying garnishment proceeding. *See* Tex. Civ. Prac & Rem. Code Ann. '' 63.001-.005 (West 1997); Tex. R. Civ. P. 657-679 (detailing garnishment process and procedures). Gray & Becker has moved to dismiss this appeal for lack of jurisdiction contending that the district court has not rendered a final appealable order. Appellants have not responded to Gray & Becker=s motion. We will grant Gray & Becker=s motion and dismiss the appeal for want of jurisdiction.

Appellate courts have jurisdiction over appeals from final judgments and specific types of interlocutory orders that the legislature has designated as appealable orders. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *North East I.S.D. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966) (ATo be final a judgment must dispose of all issues and parties in a case.@); *see also* Tex. Civ. Prac.

& Rem. Code Ann. '' 51.012, .014 (West Supp. 2003) (listing some appealable interlocutory orders). Absent either, we are without jurisdiction over an appeal.

Garnishment is a statutory proceeding whereby the property, money, or credits of a judgment debtor that are in the possession of another are applied to the payment of the debt owed by the judgment debtor. *See* Tex. Civ. Prac & Rem. Code Ann. '' 63.001-.005; Tex. R. Civ. P. 657-679; *BankOne, Tex. v. Sunbelt Sav.*, 824 S.W.2d 557, 558 (Tex. 1992). Although ancillary to an underlying suit, a garnishment action is a separate proceeding. *See Varner v. Koons*, 888 S.W.2d 511, 513 ( Tex. App.CEl Paso 1994, orig. proceeding). A garnishment action is commenced by a judgment creditor as the garnishor seeking a writ of garnishment against a third party garnishee who holds property of a judgment debtor. The court then orders the district clerk to issue a writ to the garnishee that details the terms of the garnishment. *See* Tex. R. Civ. P. 658-661. The writ is served on the judgment debtor as well as the garnishees. *See* Tex. R. Civ. P. 663a. The garnishee then files an answer that details any property it is holding for the judgment debtor. After a garnishee answers, and if funds are available, the court may enter a final garnishment judgment directing the garnishee to pay funds it holds of the judgment debtor directly to the judgment creditor. *See Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 286 (Tex. App.CHouston [1st Dist.] 1991, writ denied). Because a garnishment action is a separate proceeding from the underlying suit in which a judgment is rendered, an appeal may be taken from a final judgment in a garnishment action independently of the underlying suit. *Varner*, 888 S.W.2d at 513 (citing *Roberts v. Stoneham*, 31 S.W.2d 856, 857 (Tex. Civ. App.CAustin 1930, no writ)); *see, e.g.*, *BankOne, Tex.*, 824 S.W.2d at 558; *Owen Elec. Supply*, 821 S.W.2d at 285.

After the district court rendered a final judgment awarding Gray & Becker contractual

attorney=s fees from appellants, Gray & Becker, seeking to collect from appellants via third parties, initiated

the underlying proceeding by applying for a writ of garnishment.[1]  *See* Tex. R. Civ. P. 658. The district court rendered an order that directed the clerk to issue writs of garnishments and ordered that the several named defendant garnishee banks appear and answer what, if anything, each garnishee is indebted to the judgment debtors as and when the writ was served, and what effects, if any, of the judgment debtors each garnishee possessed when the writ was served.  Further, the district court=s order provided that the maximum value of property or indebtedness that shall be garnished is 33-1/3% of each judgment debtor=s recovery under the asbestos arbitration award as specifically set out in an attached exhibit.  The order directed the banks not to pay to the judgment debtors any debt or deliver any effects pending further order of the district court without retaining property of the judgment debtors in an amount sufficient to satisfy and equal to the maximum indebtedness specified.  Appellants, the judgment debtors, seeking to reverse the district court=s order, moved to dissolve the district court=s writ of garnishment.  *See* Tex. R. Civ. P. 664a. After a hearing, the district court overruled the motion, holding that its order of December 28 was proper, that the order should be carried out, and that no reason had been shown that required the order to be dissolved or modified.  *Id.*  Appellants then filed a notice of appeal.  After appellants filed their notice of appeal, various defendant garnishee banks filed answers and stated whether they were indebted to any of the judgment debtors, and if so, to what extent.  *See* Tex. R. Civ. P. 665.  The court has not yet rendered a final judgment ordering the garnishee banks to pay any assets to the garnishor, Gray & Becker.

---

[1]  The underlying garnishment proceeding from which this appeal arises is styled in the district court as *Gray & Becker, P.C. v. Bank of America, et al.*

**4**

The record also reflects that in the underlying garnishment proceeding since appellants filed their notice of appeal, Gray & Becker filed a second application for a writ of garnishment related to another judgment regarding the contractual attorney=s fees. Additionally, although not in the appellate record, Gray & Becker informs this Court that in the underlying proceeding it also applied for a third writ of garnishment related to yet another judgment regarding contractual attorney=s fees. In both instances, the district court rendered orders similar to its December 28 order. [2]

Although the record reflects that several defendant garnishee banks have filed answers, nothing in the record reflects that the district court has rendered a final garnishment judgment or any other appealable order in the underlying garnishment proceeding. *See* Tex. R. Civ. P. 666-669. Without a final judgment or an appealable order we lack jurisdiction over this appeal. We grant Gray & Becker=s motion to dismiss the appeal.

---

[2] This Court has discussed the three related causes extensively. *See De la Garza v. Gray & Becker*, 03-02-00135-CV, 2002 Tex. App. LEXIS 5460 (Tex. App.CAustin July 26, 2002, pet. filed) (not designated for publication); *Garcia v. Gray & Becker*, 03-02-00372-CV, 2002 Tex. App. LEXIS 6883 (Tex. App.CAustin Sept. 26, 2002, no pet.) (not designated for publication); *Cantu v. Gray & Becker*, 03-02-00099-CV, 2002 Tex. App. LEXIS 8212 (Tex. App.CAustin Nov. 21, 2002, no pet. h.) (not designated for publication); *Garza v. Gray & Becker*, 03-02-00136-CV, 2002 Tex. App. LEXIS ___ (Tex. App.CAustin Dec. 12, 2002, no pet. h.) (not designated for publication).

The appeal is dismissed for want of jurisdiction.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed For Want of Jurisdiction

Filed:   December 12, 2002

Do Not Publish