# NO. 12-17-00026-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *J. BENNETT WHITE, P.C.,* | § | *APPEAL FROM THE 402ND* |
| *APPELLANT/CROSS-APPELLEE* | | |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *WENDELL REEDER,* | | |
| *APPELLEE/CROSS-APPELLANT* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is the appeal of a contract dispute between a law firm, J. Bennett White, P.C., and its client, Wendell Reeder. The judgment awards contract damages to White P.C. but the firm complains of the trial court's refusal to award it attorney's fees in conformance with jury findings. Reeder attacks the sufficiency of the evidence to support the damage award and contends the trial court committed charge error by failing to submit a question regarding unconscionability of the contract terms. We modify the judgment to reinstate the jury's award of attorney's fees and affirm as modified.

## BACKGROUND

Reeder owns a cattle ranch and several businesses, including Clarksville Oil and Gas. Attorney J. Bennett White did collections work for Clarksville Oil and Gas beginning in the late 1990's or early 2000's, while he worked for another law firm. Later, after White formed White P.C., Clarksville Oil and Gas became White P.C.'s client. In 2008, White P.C. also began representing Reeder personally on a few matters. All fee agreements between White P.C. and Reeder, including those for Clarksville Oil and Gas, were oral, based on an hourly fee, and required Reeder to pay as billed, usually monthly. Although Reeder continued to pay for the

Clarksville Oil and Gas legal work, he fell behind on payments for the personal work and eventually stopped paying.

White P.C. sued Reeder, alleging breach of seven distinct contracts, asserting as damages the balances it deemed Reeder still owed on seven different matters. Those matters are as follows: (1) the 2008 appeal of a Wood County judgment to the Twelfth Court of Appeals, referred to as the Fry appeal,[1] (2) the 2010 appeal of that Wood County judgment to the Texas Supreme Court, referred to as the Fry supreme court appeal,[2] (3) a suit filed in 2011 to prevent the Fry parties from collecting on the Wood County judgment, (4) legal services in connection with Reeder's involvement as an oil and gas operator of the Forest Hill/Harris Sand Unit, (5) the 2011 declaratory judgment action brought against Reeder by his insurance carrier, Jamestown Insurance Company, (6) the 2012 appeal of the Jamestown Insurance declaratory judgment proceeding,[3] and (7) "legal representation in matters of a general nature" from 2008 through April 2015. White P.C. also requested attorney's fees for amounts expended in this breach of contract suit.

The jury determined that Reeder failed to perform his obligations under the terms of each of the seven agreements for legal services. However, the jury awarded damages to White P.C. for only three of the accounts. For the account involving the 2011 suit to prevent collection of the Wood County judgment, it awarded $14,500, for the Fry appeal it awarded $91,210, and for the Jamestown Insurance trial it awarded $24,011. The jury also awarded White P.C. $30,000 in attorney's fees for trial of this lawsuit.

Reeder filed a motion to disregard jury findings, complaining of the jury's damage awards. The trial court rendered judgment incorporating the jury's three damage awards, ordering that White P.C. recover from Reeder damages in the amount of $129,721. The court did not include the $30,000 award for attorney's fees in the final judgment. This appeal ensued, with both sides complaining of the proceedings and judgment of the court below.

---

[1] ***Reeder v. Wood Cty. Energy L.L.C.***, 320 S.W.3d 433 (Tex. App.–Tyler 2010) (op. on reh'g), *rev'd*, 395 S.W.3d 789 (Tex. 2012).

[2] ***Reeder v. Wood Cty. Energy, L.L.C.***, 395 S.W.3d 789 (Tex. 2012)

[3] ***Jamestown Ins. Co. v. Wendell Reeder, d/b/a Clarksville Oil & Gas Co., Ltd.***, 508 Fed. Appx. 306 (5th Cir. 2013).

2

In his second issue, Reeder contends the trial court erred in failing to include a jury question in the charge asking if the contract terms were unconscionable and instructing the jury on the definition of the term "unconscionable." He complains that White P.C. charged excessive fees and unilaterally tacked on punitive, high interest charges after the parties entered into the contract.

**Applicable Law**

We review the trial court's decisions on the jury charge for an abuse of discretion. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016). A party is entitled to submission of a jury question, instruction, or definition if the pleadings and evidence raise a fact issue. TEX. R. CIV. P. 278; *Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 166 (Tex. 2002).

A lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or an unconscionable fee. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (TEX. STATE BAR R. art. X, § 9). A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable. *Id*. Whether a particular fee amount charged by the attorney is unconscionable under all relevant circumstances of the representation is an issue for the fact finder. *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006); *Celmer v. McGarry*, 412 S.W.3d 691, 706 (Tex. App.−Dallas 2013, pet. denied). Unconscionability has no single definition and must be determined on a case by case basis in light of a variety of factors. *Lee v. Daniels & Daniels*, 264 S.W.3d 273, 280 (Tex. App.−San Antonio 2008, pet. denied) (op. on reh'g). To be held unconscionable, a term of the contract must be so extreme as to shock the conscience. *Besteman v. Pitcock*, 272 S.W.3d 777, 789 (Tex. App.−Texarkana 2008, no pet.); *Ski River Devel., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App.−Waco 2005, pet. denied).

**Analysis**

The terms of the original oral agreement are simple. Reeder agreed to pay an hourly fee in exchange for legal work done by White P.C., and he would pay his bill when he received it. The record shows that Reeder is an experienced businessman who not only was familiar with the attorney-client relationship, but had worked with White P.C. for a number of years. Nothing about the original terms of the contract are shocking. *See **Besteman***, 272 S.W.3d at 789.

The oral agreement was later changed by written notice of White P.C.'s imposition of interest on unpaid balances. The record includes a copy of the letter sent to Reeder explaining that White P.C. would begin charging interest in the near future. Additionally, beginning with the May 20, 2012 bill, each bill included the statement: "All past due balances shall be charged interest at the rate of 12% per annum, compounded monthly." The June 2012 bill, and every bill thereafter, included interest in the itemized charges. Reeder made sporadic payments after receiving notice of the new term, including a large payment in February 2015 in response to bills that clearly stated that interest was being charged. White P.C. continued to do legal work on Reeder's behalf until November 2014. By his actions, Reeder accepted the change. *See Price Pfister, Inc. v. Moore & Kimmey, Inc.*, 48 S.W.3d 341, 349-50 (Tex. App.−Houston [14th Dist.] 2001, pet. denied) (held that notice and acceptance of a change in parties' agreement constitutes modification).

The fact that a bargain is a hard one does not entitle a party to be relieved from it if he assumed it fairly and voluntarily. *See In re Smith*, 115 S.W.3d 126, 135 (Tex. App.−Texarkana 2003, pet. denied). We conclude that the record does not raise a fact question on whether the contract terms were unconscionable. Therefore, Reeder was not entitled to a jury question regarding unconscionability. *See Williams*, 85 S.W.3d at 166. The trial court did not abuse its discretion in refusing Reeder's request to include a question on unconscionability in the jury charge. *See Sw. Energy Prod. Co.*, 491 S.W.3d at 727. We overrule Reeder's second issue.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Reeder asserts that the evidence is insufficient to support the damage award because White P.C. presented no expert testimony. Reeder contends that J. Bennett White did not qualify or present himself as an expert witness before the trier of fact and therefore testified only as a fact witness. Further, Reeder asserts that the evidence is insufficient to prove White P.C.'s fees were reasonable and necessary. Reeder complains that J. Bennett White's testimony was conclusory while the expert presented by Reeder provided probative testimony that some of White P.C.'s charges were excessive.

### Standard of Review

We review the amount awarded as attorney's fees under legal and factual sufficiency standards. *Bocquet v. Herring*, 972 S.W.2d 19, 22 (Tex. 1998) (Baker, J., dissenting). We

4

credit favorable evidence if reasonable jurors could, viewing the evidence in a light that tends to support the disputed finding, and disregarding evidence and inferences to the contrary unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). If more than a scintilla of evidence supports the challenged finding, the legal sufficiency challenge fails. *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (per curiam). In reviewing a challenge to the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

The jury is the sole judge of the witnesses' credibility; it may choose to believe one witness over another. *City of Keller*, 168 S.W.3d at 819-20. We must assume that jurors resolved all conflicts in accordance with their verdict if reasonable human beings could do so. *Id*.

**Applicable Law**

The prevailing party in a breach of contract case is entitled to attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015); *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 23 (Tex. App.−Tyler 2000, pet. denied). An award of attorney's fees must be supported by evidence that the fees are reasonable and necessary. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

The issue of the reasonableness and necessity of attorney's fees requires expert testimony. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830 (Tex. App.−Dallas 2014, no pet.). Testimony by an attorney representing a party in a suit concerning an award of attorney's fees is considered expert testimony. *Gulf Paving Co. v. Lofstedt,* 188 S.W.2d 155, 161 (Tex. 1945); *Nguyen Ngoc Giao v. Smith & Lamm, P.C.*, 714 S.W.2d 144, 148 (Tex. App.−Houston [1st Dist.] 1986, no pet.). Evidence in support of attorney's fees must contain the attorney's qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion. *See Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.−San Antonio 1999, pet. denied). When an attorney's testimony contains this necessary information, it constitutes expert opinion testimony and can sufficiently establish reasonable attorney's fees. *See Enell Corp. v. Longoria*, 834 S.W.2d 132, 135 (Tex.

App.−San Antonio 1992, writ denied) (op. on reh'g); **Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.**, 821 S.W.2d 283, 288 (Tex. App.−Houston [1st Dist.] 1991, writ denied).

An attorney's testimony about the reasonableness of his own fees is not like other expert witness testimony. **Garcia v. Gomez**, 319 S.W.3d 638, 641 (Tex. 2010). Although rooted in the attorney's experience and expertise, it also consists of the attorney's personal knowledge about the underlying work and its particular value to the client. **Id**. The attorney's testimony is not objectionable as merely conclusory because the opposing party, or that party's attorney, likewise has some knowledge of the time and effort involved and if the matter is truly in dispute, may effectively question the attorney regarding the reasonableness of his fee. **Id**.

Factors to be considered in determining the reasonableness of attorney's fees include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(b); **Arthur Andersen & Co. v. Perry Equip. Corp.**, 945 S.W.2d 812, 818 (Tex. 1997). A reasonable fee is one that is not excessive or extreme, but rather moderate or fair. **Garcia**, 319 S.W.3d at 642.

**Analysis**

John Bennett White testified that he graduated from law school in 1985 and practiced civil law for over thirty years. He described his work as dispute resolution. He handles commercial disputes, financial losses, collections, bankruptcies, employment issues, property issues, and contracts. He testified that he has "litigated a number of oil and gas cases" and "done a lot of appeals." He explained that he "know[s] enough oil and gas law to know about the things [he] wanted to raise" in the Fry appeal. He stated that he has "a pretty good understanding of overrides and royalties," he "worked for an oilman in revenue entry accounting," he worked "AF, refunds," and is "pretty familiar with oil and gas accounting and transaction work."

He began representing Reeder's company, Clarksville Oil and Gas, in the late 1990's or early 2000's. White P.C. began working on the Fry appeal in June 2008. That case involved multiple parties, multiple issues, large sums of damages assessed by the jury, and had a large, expensive record. After initial briefing and the resulting opinion by the court of appeals, White P.C. filed a motion for rehearing. Additionally, in conjunction with the Fry appeal, the firm pursued a writ of supersedeas and fought a writ of execution in an attempt to protect Reeder's property from seizure. White explained that, although Reeder hired attorney Skip Watson to represent him before the supreme court, White did some work on the supreme court appeal of the Fry case so that Watson, who charged more, would not have to do it, ultimately saving his client money. White opined that he played a part in the supreme court win, Watson relied on White, and Reeder knew this fact. Additionally, during the course of the Fry appeals, White P.C. helped Reeder defend against Railroad Commission penalties in the Forest Hill/Harris Sand Unit matter.

White explained that he and Reeder had an oral fee agreement. His hourly fee ranged from $225 to $265 over the course of White P.C.'s representation of Reeder. White P.C. sent Reeder monthly bills detailing the work done on each matter, identifying the task, the person completing the task, the rate basis, time spent, rate, and amount charged. White acknowledged that Reeder told him any amounts White collected on behalf of Reeder would be used to bring White's fees current. However, he stated that there was never an agreement that he would get paid only from Clarksville accounts he collected. White stated the amounts due on each of the seven matters and stated that the work was all reasonably charged for work that was necessary for Reeder's representation.

White, an interested expert witness, presented competent opinion evidence. *See Gulf Paving Co.*, 188 S.W.2d at 161. White's testimony shows that he is qualified by his expertise, personal knowledge of the work performed, and its value to his client to testify as to what reasonable attorney's fees would be in the cases he worked for Reeder. *See Garcia*, 319 S.W.3d at 641. White testified as to the facts and circumstances surrounding the services rendered, as well as the nature, character, and extent of those services. *See Bryant v. Browning*, 48 S.W.2d 798, 799 (Tex. Civ. App.−Austin 1932, writ dism'd). White P.C. presented more than a scintilla of evidence to support the damages awarded by the jury. Therefore, Reeder's legal sufficiency challenge fails. *See Canchola*, 121 S.W.3d at 739.

7

Reeder testified that he does not believe he actually owes all the fees that White P.C. billed. He also said he owes the amount billed but does not have to pay it until he collects unpaid debts owed to him. He complained that he was charged for several people reviewing the files and researching. Time was spent creating a database in the Forest Hill/Harris Sand Unit matter but he saw no work product or work from it. He opined that he does not owe for all the work White did that "never came to nothing." He said some of the charges are redundant and some are not reasonable. Reeder testified that he paid White $737,000 and he paid Watson, who charges $500 an hour, $147,000.

Reeder presented expert testimony from attorney Michael Gazette, who charged Reeder $275 an hour. Gazette testified that he saw a pattern of billing by legal assistants for clerical work. He deemed that practice to be unreasonable. White testified in response to this testimony, suggesting that this complaint could be cured by subtracting $5,734.50 from the total White P.C. requested.

Gazette further testified that the amount of time charged for the reply brief in the Jamestown appeal was excessive by twenty hours, and the hours charged for the motion to reconsider in that matter was excessive by twelve to fifteen hours. The jury did not award any damages for the Jamestown appeal.

Gazette also testified that an excessive and unreasonable amount of time was charged in the Fry appeal, asserting that 150 to 175 hours would have been reasonable. The jury was entitled to disregard Gazette's opinion that the Fry appeal should have been completed in 175 hours. *See City of Keller*, 168 S.W.3d at 820.

White P.C., and White, had a lengthy professional relationship with Reeder. The evidence supports a determination that White's hourly rate is reasonable. The work done by White P.C. involved numerous related but distinct and complex legal matters involving a substantial amount of money at risk that necessarily required a great deal of time. Additionally, amounts billed included charges for work done by legal assistants as well as court costs, as shown by the detailed monthly bills. Nonetheless, the jury awarded White P.C. zero in damages for the General matters, the Forest Hill/Harris Sand Unit services, Fry supreme court appeal, and Jamestown Insurance Company appeal. Further, the jury awarded less than requested in the 2011 suit to prevent collection, the Fry appeal, and the Jamestown trial matters. Considering all seven matters, the jury awarded White P.C. $82,876.10 less than the $212,597.10 it requested.

After reviewing all the evidence, we conclude that the evidence of the reasonableness and necessity of the damage awards is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176. We overrule Reeder's first issue.

## ATTORNEY'S FEES

In its sole issue on appeal, White P.C. contends that the trial court erred in granting Reeder's motion to disregard the jury's answer to question three, providing that White P.C. is entitled to $30,000 in attorney's fees for representation through trial and the completion of proceedings in the trial court. It argues that the award is supported by sufficient evidence, the evidence does not conclusively establish a fact contrary to the jury's finding, and, because attorney's fees are recoverable for breach of contract, White P.C. was not required to segregate its attorney's fees.

### Standard of Review

We review a trial court's decision to grant or deny a motion to disregard jury findings as a legal sufficiency challenge. *See City of Keller*, 168 S.W.3d at 823; *Davis v. Nat'l Lloyds Ins. Co.*, 484 S.W.3d 459, 467 (Tex. App.−Houston [1st Dist.] 2015, pet. filed). Thus, a trial court can disregard a jury's finding when there is a complete absence of evidence of a vital fact, the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, the evidence offered to prove a vital fact is no more than a mere scintilla, or the evidence establishes conclusively the opposite of a vital fact. *City of Keller*, 168 S.W.3d at 810. In our review, we credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Id*. at 827.

### Applicable Law

A trial court may disregard a jury's finding only when the answer has no support in the evidence or the question is immaterial. TEX. R. CIV. P. 301; *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994). A question is immaterial when it should not have been submitted, or when it was properly submitted but has been rendered immaterial by other findings. *Id*. A question which calls for a finding beyond the province of the jury, such as a question of law, may be deemed immaterial. *Id*. Where some evidence supports the disregarded finding, the reviewing court ordinarily must reverse and render judgment. *Thedford v. Mo. Pac. R.R. Co.*, 929 S.W.2d 39, 45 (Tex. App.−Corpus Christi 1996, writ denied).

In order to obtain an award of attorney's fees, Texas Civil Practice and Remedies Code Chapter 38 requires that a claimant both (1) prevail on a cause of action for which attorney's fees are awarded, and (2) recover damages. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001; *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex. 2009); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). "A plaintiff must prove compensable injury and secure an enforceable judgment in the form of damages or equitable relief." *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009). "A zero on damages necessarily zeroes out 'prevailing party' status." *Id*. at 655-56. When a lawsuit involves multiple claims, the proponent has a duty to segregate non-recoverable attorney's fees from recoverable attorney's fees. *Stewart Title Guar. Co.*, 822 S.W.2d at 11.

## Analysis

After White P.C. rested its case, Reeder moved for a directed verdict asserting that White P.C. did not have a case to take to the jury, arguing in part that White P.C. was required to "segregate out from the attorney's fees that they are seeking in this case as a result of their collection efforts." This motion was denied. Later, at the charge conference, Reeder explained his position, asserting that the law requires White P.C. to segregate fees and "[t]he fact that should have been segregated goes to the jury regardless of what their answer may be in and of itself." Referring to the seven different claims, Reeder stated that "for them to recover any attorney's fees, they have to claim each one independently." He then stated his specific objection as follows:

> Since the potential not to recover is there on any of these seven or to recover at a lower percentage, a lesser amount, I don't think it's as simple as just saying, well, they only recovered on three of the seven. We are only going to allow seven. The fact is they have not segregated them. There is absolutely no testimony of segregation. We believe it is error and we are – and we object to there being any submission of attorney's fees in this particular case in regards to the recovery efforts and the fees sought that were attorney fees to recover on the balances that the Plaintiff claim they were owed.

The court responded:

> As to the attorney's fees, I am overruling the objection on that as well. I am going to go ahead and submit it for the reasons we discussed earlier, that in the event that the jury returns liability and found liability and damages in all seven

> files, then the Court thinks that the whole issue of a segregation problem becomes moot at that point, but at any rate, we can discuss that after the fact.

In response to Question No. 1 of the jury charge, the jury answered "yes" as to each cause of action, finding that Reeder failed to perform his obligations under the terms of the parties' agreement "[w]ith regard to each billing account." However, the jury determined that White P.C. is not entitled to damages for breach of the contracts involved in the Forest Hill/Harris Sand Unit matter, Fry supreme court appeal, Jamestown Insurance Company appeal, and the general category.

As submitted, Jury Question No. 3 asked:

> What is a reasonable fee for the necessary services of J. Bennett White, P.C.'s attorneys stated in dollars and cents. [In your answer, do not include any amount for legal services rendered in this case where the services were provided solely in conjunction with a claim where you answered "No" in Question No. 1.]

Question No. 3 requested the jury to find White P.C.'s attorney's fees for the entire lawsuit, rather than separately allocating the fees to each of the seven causes of action. In response to Question 3, the jury awarded White P.C. $30,000 in attorney's fees for representation through trial and the completion of proceedings in the trial court.

After the jury returned its verdict, Reeder asserted a motion to disregard the jury findings. Pertinent to White P.C.'s issue on appeal, Reeder contended that the trial court should disregard the jury's answer to Question No. 3. He argued that White P.C. failed to segregate attorney's fees between the seven causes of action pled. Noting that the jury awarded damages on just three of the seven pleaded claims, Reeder asserted that White P.C. is not entitled to attorney's fees for the four unsuccessful claims.

Reeder's post-verdict complaint amounts to a challenge to the charge as given. *See **Tubb v. Bartlett***, 862 S.W.2d 740, 748 (Tex. App.−El Paso 1993, writ denied). A motion to disregard jury findings is not the proper method for preserving error regarding the submission of jury questions. *Id*.

A careful reading of Reeder's objection made at the charge conference reveals that he opined that segregation of fees between each of the seven matters was necessary. However, his precise pre-charge objection, relying on the absence of evidence of segregation of fees, was that Question No. 3 should not be submitted to the jury at all. Objections to the court's charge must

be made before the court has submitted the charge to the jury.  *Id*.  Reeder did not object to the broad submission of the issue and therefore waived the complaint that White P.C. is not entitled to attorney's fees due to its failure to segregate fees between the seven causes of action.[4]  *Home Sav. Ass'n v. Guerra*, 733 S.W.2d 134, 137 (Tex. 1987); *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 823 (Tex. 1985).

In the absence of a valid objection to the jury question, the trial court may disregard the jury finding only if it is unsupported by the evidence or is legally immaterial.  *Green Int'l, Inc.*, 951 S.W.2d at 389-90.  Thus, where the complaint is a pure legal question that does not affect the jury's role as a fact finder, a motion to disregard jury findings would be appropriate and sufficient to preserve error.  *See Spencer*, 876 S.W.2d at 157.  However, the determination of the amount of reasonable and necessary attorney's fees is a question for the fact finder.  *Leggett v. Brinson*, 817 S.W.2d 154, 157 (Tex. App.−El Paso 1991, no writ).  Accordingly, the jury's finding in response to Question No. 3 did not involve a pure legal question.  *See Spencer*, 876 S.W.2d at 157; *see also Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam) (held that nonavailability of attorney's fees is appropriately raised post-verdict while the amount of reasonable fees is a jury question).

We next consider whether the jury finding is supported by the evidence.  White P.C. brought this suit as an attempt to collect on seven distinct breach of contract causes of action.  White testified as to the total amount of fees the firm incurred to bring this lawsuit, explaining that $56,000 would be a reasonable fee.  White P.C. admitted Exhibit 93, entitled "History Bill," into evidence.  It is further identified as Matter No. 15-102, J. Bennett White, P.C. (v. Reeder, Wendell).  This document details the work done, time spent, and charges assessed by the lawyers and legal assistants between April 7, 2015 and July 11, 2016.  The total charges for that time period are $47,933.64.  This constitutes some evidence of attorney's fees incurred in the present lawsuit, supporting the jury finding awarding attorney's fees.  *See City of Keller*, 168 S.W.3d at 810; *see also Stewart Title Guar. Co.*, 822 S.W.2d at 12 (held that evidence of unsegregated attorney's fees is more than a scintilla of evidence of segregated attorney's fees).

---

[4] The issue may also be preserved by objection during testimony offered in support of attorney's fees.  *In re M.G.N.*, 491 S.W.3d 386, 410 (Tex. App.−San Antonio 2016, pet. denied) (op. on reh'g).  Reeder did not assert an objection to the failure to segregate fees during White's testimony on attorney's fees.

Because the jury finding is supported by the evidence and is not legally immaterial, any error in the court's failure to segregate attorney's fees in the jury question and instructions was waived and cannot serve as a basis for barring the recovery of attorney's fees. *Green Int'l, Inc.*, 951 S.W.2d at 390. Therefore, the trial court erred in granting Reeder's motion to disregard the jury's answer awarding attorney's fees to White P.C. for the trial of this case. *See id*. Because some evidence supports the disregarded finding, we render judgment on the jury's verdict. *See Thedford*, 929 S.W.2d at 45. We sustain White P.C.'s sole issue.

## DISPOSITION

Because the trial court erred in granting Reeder's motion to disregard jury findings, we *modify* the judgment to reinstate the disregarded jury finding and *render* judgment that White P.C. is awarded $30,000 in attorney's fees. The trial court's judgment is *affirmed* as *modified*.

BRIAN HOYLE
Justice

Opinion delivered February 14, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

13



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 14, 2018**

**NO. 12-17-00026-CV**

**J. BENNETT WHITE, P.C.,**
Appellant/Cross-Appellee
V.
**WENDELL REEDER,**
Appellee/Cross-Appellant

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2015-184)

THIS CAUSE came to be heard on the appellate record and briefs filed herein; and the same being considered, it is the opinion of this court that there was error in the judgment of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court is **modified** to provide that J. Bennett White, P.C. have and recover attorney's fees from Wendell Reeder in the amount of $30,000.00.

It is further ORDERED, ADJUDGED and DECREED that, as **modified**, the judgment of the court below be **affirmed**. It is further ORDERED that all costs of this appeal are hereby assessed against Appellee/Cross-Appellant **WENDELL REEDER**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*