**Opinion issued December 17, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00124-CV

———————————

**J.R. RICHARD ENTERPRISES, INC. D/B/A RICHARD'S TOTAL BACKYARD SOLUTIONS, Appellant**

**V.**

**CLAUDIA VIVIANA NIZ AND SAM NIZ, Appellees**

---

**On Appeal from County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 19-CCV-065330**

---

## MEMORANDUM OPINION

Appellant, J.R. Richard Enterprises, Inc. d/b/a Richard's Total Backyard

Solutions ("J.R. Richard"), appeals the trial court's order granting summary

judgment in part on its breach of contract claim and request for attorney's fees

against appellees, Claudia Viviana Niz and Sam Niz. In its sole issue, J.R. Richard contends that the trial court erred by not awarding it the full amount of damages sought and by denying its request for attorney's fees. We modify the trial court's order and affirm, as modified.

## Background

On September 26, 2018, the Nizes entered into a contract with J.R. Richard for the construction of a backyard swimming pool. Under the terms of the contract, the Nizes agreed to pay $34,000.00 to J.R. Richard for the construction of the pool and related work.

On June 21, 2019, J.R. Richard filed suit against the Nizes asserting claims for breach of contract and quantum meruit. Specifically, J.R. Richard alleged that the Nizes paid only $32,000.00, leaving a balance of $2,000.00 owing under the contract. J.R. Richard also sought the recovery of attorney's fees under Civil Practice and Remedies Code section 38.001 and the terms of the parties' agreement. On July 5, 2019, the Nizes, proceeding pro se, filed an answer.

On July 31, 2019, J.R. Richard filed a traditional motion for summary judgment arguing that it was entitled to judgment as a matter of law on its breach of contract claim. J.R. Richard asserted that (1) the parties entered into a contract under which the Nizes hired J.R. Richard to perform backyard pool work at the Nizes' home; (2) J.R. Richard performed all the contracted-for work; (3) J.R. Richard

2

invoiced the Nizes for the agreed-upon amount of $34,000.00; (4) between March 13, 2019 and April 9, 2019, the Nizes paid $32,000.00, leaving $2,000.00 unpaid; (5) J.R. Richard tendered a demand to the Nizes for the balance owing; and (6) the Nizes refused to pay the remaining amount owed. J.R. Richard further asserted that it retained counsel to recover the amount owed, and that it was entitled to recover its reasonable and necessary attorney's fees incurred in the matter. To its summary judgment motion, J.R. Richard attached a copy of the contract signed by the parties, the Nizes' answer, J.R. Richard's invoices sent to the Nizes, an attorney's fees affidavit, and the affidavit of Mr. Richard, the company's owner.

The Nizes did not file a summary judgment response. A hearing on the summary judgment motion was set for August 27, 2019.

On January 13, 2020, the trial court granted summary judgment in part to J.R. Richard on its breach of contract claim, ordering that it recover $1,000.00 in damages from the Nizes, but it awarded no attorney's fees. This appeal followed.

## Discussion

### A. Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In our review, we take the nonmovant's competent evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in favor of

3

the nonmovant. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c*)*; *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a plaintiff moves for summary judgment on its own claim, it must prove that it is entitled to judgment as a matter of law on each element of its cause of action. *Castillo Info. Tech. Servs., LLC v. Dyonyx, L.P.*, 554 S.W.3d 41, 45 (Tex. App.—Houston [1st Dist.] 2017, no pet.). The nonmovant has no burden to respond to a motion for summary judgment unless the movant conclusively establishes each element of its cause of action as a matter of law. *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999); *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("[S]ummary judgments must stand or fall on their own merits, and the nonmovant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.") (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993)).

If the movant meets its burden as set out above, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan*, 433 S.W.3d at 704 (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195,

4

197 (Tex. 1995)). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

## B. Analysis

On appeal, J.R. Richard contends that the trial court erred by not awarding it the entire amount of damages it sought on its breach of contract claim and denying its request for attorney's fees.

### 1. Breach of Contract Claim

To prevail on a breach of contract claim, a plaintiff is required to establish (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 180 (Tex. App.—Houston [1st Dist.] 2018, no pet.). J.R. Richard argues that it presented sufficient summary judgment evidence establishing every element of its breach of contract claim and, it was therefore entitled to judgment as a matter of law.

In support of its motion, J.R. Richard attached a copy of the parties' contract, the Nizes' answer, J.R. Richard's invoices sent to the Nizes, and an affidavit executed by the company's owner, Mr. Richard. The summary judgment evidence showed that the Nizes hired J.R. Richard to construct a swimming pool in their

backyard. Under the terms of the parties' contract, the Nizes agreed to pay $34,000.00 to J.R. Richard for the construction and related work. In his affidavit, Mr. Richard attested that the company fully performed the contracted-for work. In their answer, the Nizes referred to "the project that [J.R. Richard] has done in my backyard." On March 8, 2019, J.R. Richard invoiced the Nizes for payment of the agreed-upon amount of $34,000. The invoice reflects that, between March 13, 2019 and April 9, 2019, the Nizes paid $32,000.00 in five installments and that they owed a balance of $2,000.00. In his affidavit, Mr. Richard attested that the company made at least three demands upon the Nizes to remit the balance due and owing of $2,000.00, but the Nizes refused to pay the remaining amount. J.R. Richard established the existence of a contract signed by the Nizes, its performance of the agreed-upon work, the Nizes' subsequent breach by failing to pay in accordance with the contract, and its damages in the amount of the unpaid balance of $2,000.00. *See Lujan*, 433 S.W.3d at 705. We conclude that J.R. Richard conclusively proved all elements of its breach of contract claim against the Nizes as a matter of law. *See id.*

The burden then shifted to the Nizes to present evidence raising a fact issue on at least one of the elements of J.R. Richard's claim or to present a valid defense. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). The record reflects that the Nizes did not file a summary

judgment response or otherwise come forward with any evidence raising a fact issue on any element of J.R. Richard's breach of contract claim.

A nonmovant need not respond to the summary judgment motion to contend on appeal that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *See id.* The Nizes, however, do not contend on appeal that J.R. Richard's summary judgment proof is legally insufficient to support summary judgment. Rather, they argue that they paid J.R. Richard "as agreed" and attach evidence that they allege supports their argument to their brief on appeal.[1] On appeal from a summary judgment, we can only consider such matters as were presented to the trial court. *O'Keefe v. Phelan*, No. 14-00-01194-CV, 2001 WL 395307, at *2 (Tex. App.—Houston [14th Dist.] Apr. 19, 2001, no pet.) (citing *Crossley v. Stanley*, 988 S.W.2d 791, 794 (Tex. App.—Amarillo 1999, no pet.)). The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, thus, the documents cannot be considered. *See O'Keefe*, 2001 WL 395307, at *2. Because the documents attached to the Nizes' brief were not presented to the trial court as summary judgment proof, they are not

---

[1] The Nizes' argument in its entirety is as follows: "Attached evidence that the firm of Marc J. Wojciechowski has ignored for the solution to this case which prove that Richard's company was paid as agreed it was sent to both of them by certified mail and fax as well, they decided to take the case to court and make it as a personal issue."

included in the record and cannot be considered on appeal.[2] *See Crossley*, 988 S.W.2d at 794.

We hold that the Nizes failed to raise a genuine issue of material fact as to an essential element of J.R. Richard's breach of contract claim. *See Centeq Realty*, 899 S.W.2d at 197 (holding that once movant establishes right to summary judgment, plaintiff must present evidence sufficient to raise fact issue precluding summary judgment).

## 2. Recovery of Attorney's Fees

J.R. Richard also contends that the trial court erred in denying its request for attorney's fees. In its original petition, J.R. Richard sought attorney's fees "according to the provisions of §38.001 et seq., Tex. Civ. Prac. & Rem. Code and pursuant to the parties' agreement."

Under Texas law, a court may award attorney's fees only when authorized by statute or by the parties' contract. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). Section 38.001 of the Civil Practice and Remedies Code provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the

---

[2] Although we liberally construe pro se pleadings and briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex. 2005) (holding pro se litigants are not exempt from rules of procedure).

8

amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). To obtain an award of attorney's fees under section 38.001, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997). If attorney's fees are proper under section 38.001(8), the trial court has no discretion to deny them. *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) (holding "trial court has no discretion to deny attorney's fees when presented with evidence of the same" under section 38.001 of Civil Practice and Remedies Code, which provides that person "may recover reasonable attorney's fees"). Here, J.R. Richard prevailed on its breach of contract claim—one of the types of claims for which section 38.001 authorizes the recovery of attorney's fees—and recovered damages. *See Green Int'l*, 951 S.W.2d at 390. The parties' contract also states that, in the event the buyer defaults on any provision of the contract, "reasonable attorney's fees shall be awarded to the Contractor." Thus, J.R. Richard was entitled to recover attorney's fees under both section 38.001 and the parties' agreement. *See id.*

The amount of an award for attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing of abuse. *Petroleum Analyzer Co. LP v. Olstowski*, No. 01-09-00076-CV, 2010 WL 2789016, at *23 (Tex. App.—Houston [1st Dist.] July 15, 2010, no pet.) (mem. op.)

(citing *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1991, writ denied)). When a movant includes a prayer for attorney's fees in its summary judgment motion, an attached affidavit is testimony that may be considered a proof of the attorney's fees incurred. *Petrello v. Prucka*, 415 S.W.3d 420, 431 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Owen Elec. Supply*, 821 S.W.2d at 288). Even if the testimony comes from an interested witness, the movant establishes the amount of attorney's fees as a matter of law when the testimony is clear, direct, positive, not contradicted by any other witness or attendant circumstances, and could have been easily controverted by the nonmovant. *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990)). To create a fact issue, the nonmovant must file a counter-affidavit contesting the reasonableness of the movant's attorney's fee claim. *Petrello*, 415 S.W.3d at 431 (citing TEX. CIV. PRAC. & REM. CODE § 18.001(b)). Unless a controverting affidavit is filed, an affidavit as to the amount of attorney's fees is presumed reasonable. *Hunsucker v. Fustok*, 238 S.W.3d 421, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The trial court abuses its discretion in denying attorney's fees when the movant files an affidavit for fees and no fact issue is created by the nonmovant. *See id.* (citing *Ragsdale*, 801 S.W.2d at 882).

10

Here, J.R Richard included a prayer for attorney's fees in its summary judgment motion and attached an affidavit from its attorney, Marc J. Wojciechowski. Wojciechowski testified that he has practiced law in Texas since 1990, handled over 1,000 civil litigation matters, tried over 75 cases, and arbitrated over 15 cases. He stated that, based upon his experience, he was familiar with the reasonableness and necessity of attorney's fees incurred in handling disputes similar to the one in this case, and that he considered the *Arthur Anderson*[3] factors in making the determination. Wojciechowski testified that he became involved in prosecuting the claims in this case in June 2019, and that his work consisted of the following: communications with the client (2.0 hours), review of the client documents (.5 hours), preparation and service of a final demand letter (.4 hours), preparing the petition and civil case filing documents (1.0 hour), drafting the motion for summary judgment and associated documents (3.5 hours), and anticipated presentation of the motion to the trial court, including travel time (4 hours). He testified that the total amount of time incurred was 12.9 hours, and that a customary reasonable rate for an attorney with his experience in Harris County is $300.00 an hour, for a total of $3,870.00.

---

[3] *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

The Nizes failed to raise a material fact issue as to the reasonableness of the fees set forth in the affidavit because they filed no affidavit controverting Wojciechowski's testimony. *See Petrello*, 415 S.W.3d at 431. The amount requested for attorney's fees was clear, direct, positive, and could have been readily controverted if the amount was not reasonable. *See Ragsdale,* 801 S.W.2d at 882. Thus, J.R. Richard established the amount of attorney's fees as a matter of law. *See id.* Although the trial court had discretion to grant less than the requested amount upon an appropriate showing of reasonableness, we conclude that the trial court abused its discretion in awarding no attorney's fees in the face of uncontroverted evidence of the fees incurred. *See id.*; *Hunsucker*, 238 S.W.3d at 432 (holding trial court abused its discretion in awarding no attorney's fees in face of uncontroverted affidavit establishing reasonableness of fees).

Accordingly, we sustain J.R. Richard's sole issue. We modify the trial court's judgment in accordance with the uncontested evidence to add $1,000.00 in damages on J.R. Richard's breach of contract claim and $3,870.00 for attorney's fees.

## Conclusion

We modify the order of the trial court to add $1,000.00 in damages on J.R. Richard's breach of contract claim, for a total award of $2,000.00 in damages, and $3,870.00 in attorney's fees and, as modified, affirm the order granting summary judgment in favor of J.R. Richard.

12

Russell Lloyd
Justice

Panel consists of Justices Keyes, Lloyd, and Landau.